9563

PARHAM-THOMAS-McSWAIN, INC., v. ATLANTIC LIFE
INSURANCE COMPANY.

(90 S. E. 1022.)

1. APPEAL AND ERROR—APPEALABLE ORDERS—REFUSING NONSUIT.—An order refusing a nonsuit or directing a verdict is not appealable until after final judgment, and no appeal will lie from such order where the jury disagreed.

2. APPEAL AND ERROR—APPEALABLE ORDERS—GRANTING NEW TRIAL.— No appeal will lie from an order granting a new trial unless judgment absolute on the right of appellant might be rendered.

3. APPEAL AND ERROR—ORDERS APPEALABLE—CONSENT OF PARTIES.— Where both parties desired the Supreme Court to determine whether the evidence was sufficient to take the case to the jury and respondent waived his objection that the refusal of the nonsuit was not appealable in the absence of a final judgment, but the appellant would not consent that the Supreme Court render judgment for plaintiff if it found the evidence sufficient, the Supreme Court will not entertain the appeal.

Before SMITH, J., Columbia, June, 1916.    Appeal dismissed.

Action by Parham-Thomas-McSwain, Incorporated, against the Atlantic Life Insurance Company. From order setting aside a directed verdict on defendant's counterclaim and refusing defendant's motion for a directed verdict on plaintiff's cause of action, defendant appeals.

See, also, 104 S. C. 223, 88 S. E. 470.

*Messrs. Lyles & Lyles,* for appellant, submit: *Order is appealable:* 43 S. C. 190; 11 S. C. 134; 34 S. C. 169; 43 S. C. 187; 61 S. C. 1; 24 S. C. 86; 32 S. C. 105. *Fraud:* 20 Cyc. 20; 10 Rich. L. (44 S. C. L.) 311; 20 Cyc. 32; 26 S. C. 222; 33 S. C. 35; 69 S. C. 87; 2 Strob. 154. *Best evidence:* 81 Am. Dec. 740; 73 S. E. 853; 34 S. E. 123, 125; 17 Pac. 15. *Construction of letter:* 17 S. C. 478; 46 S. C. 227, 229; 75 Am. St. Rep. 704; 98 Am. Dec. 370; 102 S. C. 129. *Waiver of fraud:* 6 Am. St. Rep. 712; 14 Am. St. Rep. 712, 724. *No liability in absence of fraud:* 40 Am. St. Rep. 319, 323. *Preliminary negotiations:* 102 S. C. 129; 16 S. C. 372, 411. *Statute of frauds:* Civil Code, sec. 3737; 57 S. C. 149; 60 S. C. 375. *Renewal commissions:* 168 Fed. 496.

*Mr. D. W. Robinson,* for respondent, cites: *As to issue for jury:* 89 S. E., 1036; 101 S. C. 256; 93 S. C. 541; 66 S. C. 489; 104 S. C. 30, 151 and 415; 99 S. C. 421. *Relevancy of testimony:* 104 S. C. 29. *Secondary evidence:* 1 Greenleaf Ev., secs. 561, 563c; Jones Ev., sec. 218; 100 S. C. 511, 515. *Want of consideration:* 12 L. R. A. 463, 464; 52 S. C. 317; 45 S. C. 500, 501; 44 L. R. A. (N. S.) 482; 6 R. C. L. 649, 650; 32 S. C. 242; 71 S. C. 149; 81 U. S. 570. *Moral consideration:* 78 S. C. 411; 39 S. C. 333. *Mutuality:* 68 S. C. 221, 225; 12 L. R. A. 463. *Pleading:* 47 S. C. 183. *Fraud:* 85 S. C. 130, 131; 71 S. C. 152; 45 S. C. 502, 503; Jones Ev., sec. 435; Greenleaf Ev., sec. 284; 151 N. C. 393; 31 L. R. A. (N. S.) 910; 90 S. C. 321. *Issue as to fraud:* 78 S. C. 423; 10 S. C. 451. *Taking*

*advantage of plaintiff's mistake or confidence fraud:* 180 Pa. St. 165; 57 Am. St. Rep. 627, 628; 122 Cal. 580; 68 Am. St. Rep. 70, 73; 4 Rawl. 141; 26 Am. Dec. 125; 10 R. C. L. 1059; 34 Pa. St. 365; 75 Am. Dec. 671; 70 S. C. 115; 69 S. C. 330. *Parol evidence to prove want of consideration, fraud, mistake:* 64 S. C. 365; 68 S. C. 110; 1 Greenleaf Ev. 284; Jones Ev., sec 435, 468; 103 S. C. 405; 20 S. C. 508; 104 S. C. 226, 227. *Concurrent jurisdiction:* 76 S. C. 316. *Conspiracy:* 88 S. C. 232, 234; 5 R. C. L. 1061, 1068, 1073, 1105; 87 S. C. 41; 118 Am. St. Rep. 156; 120 Am. St. Rep. 546, 548; 2 L. R. A. (N. S.) 827; 5 R. C. L. 1063, 1066, 1090 to 1094, 1102; 103 S. C. 403; 87 S. C. 40, 43; 44 L. R. A. 131; 2 Am. Dec. 93. *Statute of frauds:* 57 S. C. 567, 568; 175 Fed. 756; 99 C. C. A. 336; 149 U. S. 497; 63 S. C. 558; 210 Fed. 725; 128 C. C. A. 227. *Estoppel:* 42 S. C. 351; Bigelow Estoppel 434; 67 S. C. 449; 102 S. C. 366. *Failure to answer letter:* 195 Fed. 382; 210 Fed. 725; 89 S. C. 83, 84; 85 Fed. 150; 107 U. S. 334. *Counterclaim:* 16 A. & E. Enc. Pl. & Pr. 181; 81 S. C. 419; 94 S. C. 231. *Appeal does not now lie:* 85 S. C. 83; 92 S. C. 362-370; 102 S. C. 4 and 5; 24 S. C. 88, 90; 102 S. C. 449.

December 23, 1916.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an appeal from an order setting aside a directed verdict, on the counterclaim interposed by the defendant; also, from the order refusing the defendant's motion for the direction of a verdict, as to the plaintiff's cause of action. The jury failed to agree upon a verdict, and a mistrial was ordered as to the cause of action alleged in the complaint.

An order refusing a nonsuit, or the direction of a verdict, is not appealable until after final judgment. The reasons

are fully stated in *Agnew* v. *Adams,* 24 S. C. 86. This ruling is recognized in *Barker* v. *Thomas,* 85 S. C. 82, 67 S. E. 1; *Woods* v. *Fertilizer Co.,* 102 S. C. 442, 86 S. E. 817, and numerous other cases. Nor will an appeal from an order granting a new trial be entertained, except in a case where judgment absolute upon the right of appellant might be rendered. *Barker* v. *Thomas, supra; Daughty* v. *Ry.,* 92 S. C. 361, 75 S. E. 553.

As both the plaintiff's cause of action, and the defendant's counterclaim, are dependent upon questions of fact, it necessarily follows that judgment absolute cannot be rendered by this Court.

The respective attorneys are anxious for this Court to determine the question whether there was sufficient testimony to carry the plaintiff's cause of action to the jury; and, in order that such question might be determined at this time, the respondent's attorney stated that he would not insist upon the objection that the order refusing the direction of a verdict was not appealable. The appellant's attorneys, however, were not willing for the Court to render judgment absolute, in case it should reach the conclusion that there was sufficient testimony requiring the submission of the case to the jury.

If the Court should entertain jurisdiction of the appeal, under such conditions, and should reach the conclusion that there was sufficient testimony to carry the case to a jury, it could not make any orders changing the present status of the case. The tendency of the Court is to discourage appeals from interlocutory orders, in order that there may be an end of the case. It therefore feels constrained to refuse to entertain jurisdiction of these appeals, and it is so ordered.