JULIUS GOLD *v.* PAUL L. NEWMAN ET AL.
(13553)
(13554)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued March 29—decision released June 27, 1989

*Wesley W. Horton,* with whom were *Kimberly A. Knox, Arnold J. Bai* and, on the brief, *W. Patrick Ryan* and *Charles A. Deluca,* for the appellants (defendants).

*Joram Hirsch,* with whom, on the brief, were *Richard L. Albrecht* and *Joseph G. Walsh,* for the appellee (plaintiff).

SHEA, J. In this action for breach of contract and other related claims, the court declared a mistrial upon a motion by the defendants because the jury had been

exposed to evidence not admitted at trial. Some of the jurors, who had commenced deliberations on the case following a trial of eighteen days, declared that they were unable to disregard certain depositions inadvertently given to the jury during their deliberations, despite the court's instructions to do so. After the mistrial, the defendants moved for judgment in accordance with their previous motions for a directed verdict. The court considered the merits of the motions but denied them.

Each defendant appealed to the Appellate Court from the "[f]inal judgment and denial of motion for judgment in accordance with motion for directed verdict." The plaintiff moved to dismiss the defendants' appeals for lack of a final judgment and the Appellate Court granted the motions without opinion or hearing. This court granted the defendants' petitions for certification to appeal limited to the issue: "Can a defendant appeal from the denial of a motion for judgment notwithstanding the failure of a jury to return a verdict?" The essential issue is whether there yet has been a final judgment in the trial court. We conclude that the denial of the defendants' motions does not constitute a final judgment and affirm the judgment of the Appellate Court dismissing the appeals.

General Statutes § 52-263[1] provides for a right of appeal "from the final judgment of the court . . . or

---

[1] "[General Statutes] Sec. 52-263. APPEALS FROM SUPERIOR COURT. EXCEPTIONS. Upon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8, 8-9, 8-28 and 8-30."

from the decision of the court granting a motion to set aside a verdict." Practice Book § 4000,[2] in effect since October 1, 1986, provides similarly. Prior to that date, for a period commencing November 1, 1963, the rule of practice had provided that an aggrieved person "may appeal from the final judgment of the court . . . or he may appeal from a decision setting aside a verdict . . . *or from the denial of a motion for judgment notwithstanding the failure of the jury to return a verdict.*" Practice Book (1963) § 600; Practice Book (1978) § 3000. The statutes authorizing appeals, however, have never expressly provided for an appeal from the denial of a motion for judgment notwithstanding the failure to return a verdict as an alternative to an appeal from a final judgment. Public Acts 1929, c. 301, §§ 1, 4, 5; General Statutes (Sup. 1943) §§ 728g and 729g; General Statutes (Rev. to 1987) § 52-263. On the other hand, the granting of a motion to set aside a verdict has been an alternative statutory ground for appeal since 1929, and the rules of practice have provided similarly since 1943. Practice Book (1934) § 334 (1943 insert).

From this history the parties draw diverse conclusions. The plaintiff argues that the 1986 Practice Book revision, which omitted the alternative of appealing "from the denial of a motion for judgment notwithstanding the failure of the jury to return a verdict," signifies that this court was exercising its rulemaking authority to eliminate that ground for taking an appeal, leaving a "decision of the court granting a motion to set aside a verdict" as the only court action not quali-

---

[2] "[Practice Book] Sec. 4000. (Formerly Sec. 3000). RIGHT OF APPEAL

"If a party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, that party may appeal from the final judgment of the court or of such judge, or from a decision setting aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in Gen. Stat. §§ 8-8, 8-9, 8-28 and 8-30."

fying as a final judgment from which an appeal is allowed. Section 52-263 also provides for an appeal from the setting aside of a verdict as the only nonfinal judgment basis for appeal.

The defendants contend that the sole purpose of the 1986 amendment was to conform the rule of practice to the statute in accordance with our frequent declarations that the right of appeal is wholly statutory. See, e.g., *Durso* v. *Misiorek,* 200 Conn. 656, 660, 512 A.2d 917 (1986) ("[i]t is well established that the right to appeal is purely statutory and is accorded only if the conditions fixed by statute are met"); *In re Investigation of the Grand Juror,* 188 Conn. 601, 605, 452 A.2d 935 (1982) ("[t]he right of appeal exists only by virtue of statutory authority"); *Etchells* v. *Wainwright,* 76 Conn. 534, 538, 57 A. 121 (1904) ("[e]xcept as we retain the common-law remedy by writ of error, the entire system of appellate procedure, and generally the proceedings for procuring new trials, are in this State governed by statute"). From this historic recognition of the right of appeal as wholly statutory in origin, the defendants infer that the various changes in the rule of practice concerning the right to appeal were simply interpretations of the statutes creating that right, and, to the extent that the rule has included certain orders not specified in the statute as alternatives to a final judgment, these interpretations indicate that this court viewed those grounds for appeal as constituting final judgments. The defendants maintain, therefore, that the 1986 Practice Book amendment, omitting the denial of a motion for judgment notwithstanding the failure to return a verdict as an alternative ground of appeal, as well as other grounds for appeal included in the rule since 1963, was intended to leave this court free to interpret the term "final judgment" in the appeal statute on a case-by-case basis rather than by rulemaking, as it had done in 1963.

We agree with the defendants that the 1986 amendment was intended to remove restrictions implied by the 1963 rule on the authority of this court to decide through the normal judicial process of statutory interpretation what constitutes a final judgment within the meaning of the appeal statute. We conclude, however, that our precedent as well as the various policy considerations that must guide our determination of whether there has been a final judgment militate against treating the denial of a motion for judgment notwithstanding the failure to return a verdict as a basis for an appeal.

The defendants have cited no case in which this court has held that an appeal may be taken from the denial of such a motion. For precedent they rely mainly upon the inclusion of this ground for appeal in the rule from 1963 to 1986 as an implied interpretation of the term "final judgment." Since the purpose of the 1986 amendment was to return to standard adjudicative practice in interpreting this statutory language, however, we are not greatly impressed by authority based upon a deviation from that practice.

The denial of a motion for judgment notwithstanding the failure of a jury to return a verdict does not satisfy the criteria for a final judgment that we have heretofore recognized. It does not terminate a separate and distinct proceeding or so conclude the rights of parties that further proceedings cannot affect them. *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983); *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 292, 320 A.2d 797 (1973). In this case the order leaves in effect the declaration of a mistrial, and a second trial in the normal course of events will follow. No rights of the parties have been yet determined.

The defendants suggest that a second trial may foreclose review of the issues raised by their motion for

judgment, which was based on the claimed insufficiency of the evidence at the first trial. They point out that the deficiencies relied upon in their motion may be cured at a second trial. We have recognized that a ruling, otherwise interlocutory, may be treated as a final judgment for the purpose of an appeal when "the right asserted would be lost, probably irreparably, unless interlocutory review was permitted." *State* v. *Spendolini,* 189 Conn. 92, 95, 454 A.2d 720 (1983); see *State* v. *Longo,* 192 Conn. 85, 89–93, 469 A.2d 1220 (1984). Practice Book § 4000, however, provides that "[i]f a party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . that party may appeal from the final judgment . . . ." If the defendants were entitled to have their motions for judgment granted, they undoubtedly would be aggrieved by the failure to have granted those motions at the first trial, if the second trial should result in a judgment against them. *State* v. *Seravalli,* 189 Conn. 201, 208, 455 A.2d 852, cert. dismissed, 461 U.S. 920, 103 S. Ct. 2076, 77 L. Ed. 2d 291 (1983); see *State* v. *Powell,* 186 Conn. 547, 554, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut,* 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982).

Our most applicable precedent is the case of *State* v. *Aillon,* 182 Conn. 124, 126, 438 A.2d 30 (1980), cert. denied, 449 U.S. 1090, 101 S. Ct. 883, 66 L. Ed. 2d 817 (1981), in which the defendant appealed the denial of his motion for a judgment of acquittal after a mistrial had been declared because the jury could not reach a verdict. We dismissed the appeal for lack of a final judgment, except for the claim of double jeopardy, which we were constitutionally obliged to review. Id., 126 n.2, citing *Benton* v. *Maryland,* 395 U.S. 784, 793–96, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); see *State* v. *Aillon,* 189 Conn. 416, 420, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122

(1983). The federal courts have similarly refused to treat denials of motions based on insufficiency of the evidence following a mistrial as appealable judgments. *Dostal* v. *Baltimore & O. R. Co.,* 170 F.2d 116, 117–18 (3d Cir. 1948); *Stewart* v. *Roberts,* 154 F.2d 697 (D.C. Cir. 1946). Most of the state courts that have considered the question, in the absence of a statute or court rule to the contrary, have reached the same conclusion. *Gore* v. *Hansen,* 59 So. 2d 538, 539 (Fla. 1952); *Israel* v. *Lawrence,* 126 Kan. 586, 587, 270 P. 602 (1928); *Johnson* v. *Burmeister,* 176 Minn. 302, 303–304, 223 N.W.146 (1929); *Kramer* v. *United States Fidelity & Guaranty Co.,* 212 App. Div. 644, 645, 209 N.Y.S. 419 (1925); *Storman* v. *District Court of Pierce County,* 76 N.D. 713, 718–19, 38 N.W.2d 785 (1949); *Parham-Thomas-McSwain, Inc.* v. *Atlantic Life Ins. Co.,* 106 S.C. 211, 213–14, 90 S.E. 1022 (1916); annot., 40 A.L.R.2d 1284; see also annot., 57 A.L.R.2d 1198.

In the analogous circumstance, when a motion to set aside a verdict is granted and a new trial is ordered, we have not regarded the decision granting such relief as a final judgment. *Marcil* v. *Merriman & Sons, Inc.,* 115 Conn. 678, 163 A. 411 (1932). "The rights of the parties have not been finally foreclosed by that ruling; they are still in court; the case is still open; judgment may still be rendered in favor of either." Id., 680. Since 1929, however, the appeal statutes have allowed an appeal from the setting aside of a verdict in a civil case for insufficient evidence; Public Acts 1929, c. 301, § 5; and, since 1943, from the setting aside of a verdict for any reason, as alternatives to the final judgment basis for appeal. General Statutes (Sup. 1943) § 728g. Similarly, the granting of a motion for a new trial, which opens the judgment previously rendered, does not qualify as a final judgment from which an appeal may be taken. *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 575, 87 A.2d 137 (1952); see *State* v. *Asherman,* 180 Conn. 141, 143–47, 429 A.2d 810 (1980).

The defendants' basic argument is that, although the policy against piecemeal litigation embodied in the final judgment rule ordinarily serves the goal of judicial efficiency, in this case it does not, because a second long trial might be avoided by resolving now the issue of the sufficiency of the evidence presented at the first trial. Procedural rules, however, cannot be tailor-made for each case. The legislature, by creating specific alternatives to a final judgment as a basis for appeal, has implicitly rejected other grounds for departing from the final judgment rule. This court, in deciding what constitutes finality for the purpose of an appeal, has recognized that some court actions, as a practical matter, have such great impact on the rights of the litigants that an appeal must be allowed to preserve those rights. *State* v. *Moeller*, 178 Conn. 67, 420 A.2d 1153, cert. denied, 444 U.S. 950, 100 S. Ct. 423, 62 L. Ed. 2d 320 (1979) (double jeopardy claim); *E. J. Hansen Elevator, Inc.* v. *Stoll*, 167 Conn. 623, 628, 356 A.2d 893 (1975) (prejudgment remedy orders); *Hiss* v. *Hiss*, 135 Conn. 333, 336, 64 A.2d 173 (1949) (pendente lite support order). The fact that a second trial will ordinarily entail additional expense to the parties does not measure up to the circumstances we have heretofore regarded as having such a serious effect upon the rights of the parties that an appeal is warranted.

From the viewpoint of efficient court administration alone, the allowance of appeals from the denial of a motion for judgment because of insufficient evidence would create the opportunity for an interlocutory appeal in every case where a mistrial is declared and such a motion is made. Such motions are often made in civil cases and even more frequently in criminal cases. The resolution of the case in the trial court would be delayed for an extended period of time while the appeal was pending. Even in this case, in which counsel have processed the appeal with commendable diligence, a delay of about eleven months has transpired

since the decision denying the defendants' motions, and their merits have not yet been considered on appeal. The potential for delay in the disposition of cases in the trial court poses difficult problems relating to the availability and memory of witnesses at the second trial, the preservation of evidence and, in criminal cases, the unavoidable disparity in the treatment of those defendants who are able to post bail while awaiting trial and those who cannot.[3]

The defendants contend that some gain in trial court efficiency will be achieved by avoiding a second trial in those instances where, on appeal, the trial court's ruling on such a motion is overturned and judgment is directed. According to our experience, however, it is the rare case in which a trial court's determination that the evidence was sufficient to submit the case to a jury has been upset on appeal. Thus, the likelihood of any significant gain in trial court efficiency from allowing appeals from such rulings following a mistrial is substantially outweighed by the likelihood of an increase in the number of meritless appeals resulting from the opportunity to delay the disposition of a case that would be afforded if we were to treat the denial of the defendants' motions as a final judgment. We conclude that the Appellate Court properly dismissed the appeals.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[3] The right of a defendant who has been convicted in the trial court to be released on bail while his appeal is pending is not nearly as great as his right to such release while awaiting trial, because the conviction has removed the presumption of innocence. "Such bail is entirely disassociated from the preconviction presumption of innocence, is not authorized by any constitutional requirement but only under . . . the General Statutes . . . and should be granted with great caution. . . . " *State* v. *Menillo*, 159 Conn. 264, 269, 262 A.2d 813 (1970); *State* v. *Chisolm*, 29 Conn. Sup. 339, 341, 287 A.2d 389 (1971); see Practice Book §§ 658, 908.