[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TODETERMINE AND/OR TERMINATE STAY OF EXECUTION
This decision will be rendered on a series of motions filed in multiple docket numbers regarding this and companion matters. The issue to be decided is whether there is a stay of execution from the appeal of a denial of a Writ of Audita Querela and/or the issuance of a Writ of Error from a denial of said Writ of Audita Querela in a residential summary process judgment of eviction. If so, upon what terms and conditions may the trial court act on a motion to terminate any such stay of execution? There are no appellate or trial court decisions on this subject. FACTS
CT Page 7520-A
There are four causes of action arising out of the parties' relationship as landlord-tenant of a residential premises in Norwalk, Connecticut. Each cause of action and its relevant procedural history will be discussed.
SPNO-9410 16542. Wheeler v. Jones, was the original summary process action based upon nonpayment of rent. After a trial to the court (Tierney, J.) judgment entered for the defendant. The court reasoned that the defendants, Bruce Jones and Tamika Jones, were entitled to a credit for certain overpayments made to the plaintiff-landlord, James Wheeler, for the premises occupied by the defendant-tenant, Jones. That credit approximated the amount of the alleged nonpayment. The court found that the plaintiff had not sustained his burden of proof in establishing the fact of an actual nonpayment. Although the defendants prevailed in the lawsuit, at some time after the entry of judgment in their favor, the defendants appealed to the Appellate court. The reasons for the appeal were not revealed to the trial court. On April 5, 1995, the Appellate Court, sua sponte, dismissed the appeal in SPNO-9410 16542. There is no record of any further activity, motions or petitions for certification filed by any of the parties in this first summary process case.
SPNO-9412 16795, Wheeler v. Jones, was the second summary process action also based upon nonpayment of rent. After a trial to the court CT Page 7520-B (Tierney, J.), judgment of immediate possession was entered for the plaintiff against the defendants, Bruce Jones and Tamika Jones, on January 19, 1995. At some time later the defendants filed an appeal. Plaintiffs argued that the appeal was filed too late. On February 9, 1995, the defendants filed a request for injunction to stay the execution so that the defendants could have a determination made as to whether the appeal was properly filed, and if the injunction was granted, until the appeal was decided. This court, Tierney, J., granted a stay of execution "until further order of the court." The court also set an appeal bond to be paid at the rate of $600 per month pursuant toConnecticut General Statutes § 47a-35. A motion to extend the time to file an appeal was filed which was denied by the court (Tierney, J.) on March 14, 1995.
Further motions, not brought to the attention of the trial court, were filed by the parties with the Appellate Court. On April 5, 1995, the Appellate Court, sua sponte, dismissed the appeal in SPNO-9412 16795
along with the prior appeal in SPNO-9410 16542. There is no record of any further activity, motions or petitions for certification filed by any of the parties in this second summary process case.
CVNO-9501 3097, Bruce Jones and Tamika Jones v. James Wheeler, is a Writ of Audita Querela seeking injunctive relief to quash the execution in the second summary process case, SPNO-9412 16795, open the judgment and other equitable relief. In support of that Writ of Audita CT Page 7520-C Querela, the defendants filed a Motion for Temporary Injunction in SPNO-9412 16795 referred to above, which the court (Tierney, J.) granted, "until further order of the court." The court ordered the defendants to pay use and occupancy payments of $600 per month duplicating the $600 per month appeal band. The Temporary Injunction is still in full force and effect. On June 5, 1995, the plaintiff filed a Motion to Terminate the Temporary Injunction.
The pleadings in the Writ of Audita Querela were closed. The court conducted an evidentiary hearing. At the conclusion of the evidentiary hearing, the court (Tierney, J.) rendered a decision for the plaintiff-landlord, as against the defendants-tenants. The court, in said decision, denied all relief requested by the defendants-tenants, Bruce Jones and Tamika Jones.
In response to the court's decision, the defendants appealed the denial of the Writ of Audita Querela to the Appellate Court. The parties filed various motions, which were not brought to the attention of the trial court. On April 5, 1995, the Appellate Court entered the following order as to the appeal of the Writ of Audita Querela. "CVNO-9501 3097, Appeal to be dismissed unless defendant-appellant has filed preliminary statement of issues and designation of contents of record by April 17, 1995." The parties agree that the defendant-appellant Jones did file those documents with the Appellate Court. The docket numbers assigned by the Appellate Court to its prior CT Page 7520-D three proceedings are AC-14465 and AC-14465A
The fourth cause of action is a Writ of Error filed by Bruce Jones. This court has no record of any docket number for the Writ of Error. This direct lawsuit was to be filed with the Supreme Court of the State of Connecticut. Neither party disclosed to the court the status of the Writ of Error. Neither party provided copies of any pleadings, motions or court decisions regarding the Writ of Error. Neither party referred to the Writ of Error in any memorandum of law or in oral argument. "Writs of error for errors in matters of law only may be brought from a final judgment of the superior court to the supreme court."Practice Book 4143(a)
"No writ of error may be brought in any civil or criminal proceeding for the correction of any error where (1) the error might have been reviewed by process of appeal, or by way of certification, or (2) the parties, by failure timely to seek a transfer or otherwise, have consented to have the case determined by a court or tribunal from whose judgment there is no right of appeal or opportunity for certification."Practice Book § 4143(b)
The plaintiff landlord requests a decision on the June 5, 1995 Motion to Terminate the Temporary Injunction and on the Plaintiff's Motion to Determine and/or Terminate Stay of Execution.
DISCUSSION OF LAW
CT Page 7520-E
The defendant Jones filed a Writ of Error with the Supreme Court shortly after the denial by this court of the Writ of Audita Querela. A Writ of Error existed at common law. Valeriano v. Bronson,209 Conn. 75, 91 (1988). A Writ of Error is now authorized by statute,Connecticut General Statutes § 52-264, et seq., and by court rule,Practice Book 4143 et seq. By statute, a writ of error is designed to offer appellate review when there is no statutory appeal. "No writ of error may be brought in any civil or criminal proceeding, unless allowed and signed within two weeks after the rendition of the judgment or decree complained of. No writ of error may be brought in any civil or criminal proceeding for the correction of any error which might have been reviewed by process of appeal." Connecticut General Statutes§ 52-273.
The right of appeal is purely statutory. Connecticut GeneralStatutes § 52-263. Willocks v. Klein, 38 Conn. App. 317, 321 (June 27, 1995); Durso v. Misiorek, 200 Conn. 656, 660 (1986). "It is well established that the right to appeal is purely statutory and is accorded only if the conditions fixed by statute are met." Gold v. Newman,211 Conn. 631, 634 (1989). "The right of appeal exists only by virtue of statutory authority." Etchells v. Wainwright, 76 Conn. 534, 538 (1904);Gold v. Newman, supra, 538. "Except as we retain the common-law remedy by writ of error, the entire system of appellate procedure, and generally the proceedings for procuring new trials, are in this State CT Page 7520-F governed by statute." Gold v. Newman, supra, 634; Etchells v.Wainwright, supra, 538.
General appeals are authorized by statute. Connecticut GeneralStatutes § 52-263. The appellate rules were authorized by the legislature, Connecticut General Statutes § 52-264; and approved by the judges of the Supreme Court, Practice Book § 4000 et seq., Rules ofAppellate Procedure. The Practice Book rule authorizing appeals,Practice Book § 4000, mirrors the statutory authority of ConnecticutGeneral Statutes § 52-263. State v. Clemente, 166 Conn. 501, 507 (1974). The rules apply to appeals to the Supreme Court and the Appellate Court unless noted otherwise. Practice Book § 4183 Generally, the time to appeal is "within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken." Practice Book§ 4009.
There is no Practice Book rule regarding Writs of Audita Querela. There is no statute authorizing Writs of Audita Querela. Writs of Audita Querela are common law. They precede the first appellate statute in Connecticut passed in 1882. There is no statutory right of appeal from a Writ of Audita Querela. Housing Authority v. Melanson,23 Conn. App. 519, 521 (1990); Lashgari v. Lashgari, 197 Conn. 200-201 (fn. 7) (1985). CT Page 7520-G
"The writ of audita querela provides relief from a judgment at law because of events occurring subsequently which should cause discharge of a judgment debtor." Ames v. Sears, Roebuck Co., 206 Conn. 16, 21
(1988). Its use is most commonly found concerning summary process judgments. Westfarms Mall Assoc. v. Kathy Johns, Inc., H-733, March 17, 1986, (Goldstein, J.); Knaus v. Lomas, 1990 Ct. Sup. 4038, Nov. 20, 1990, H-932 November 16, 1990, (Berger, J.); Wyngate, Inc. v. BozakInc., H-684, September 11, 1985 (Goldstein, J.); Norman Associates v.Vann, H-437, August 4, 1983 (Aronson, J.); Seven Fifty Main StreetAssociates Limited Partnership v. Spector, H-706, November 29, 1985 (Goldstein, J.); Two Stephenson Conn. Civ. Proc. Sec., 209 (2nd Ed.). The issues in a Writ of Audita Querela in a summary process action are whether or not events that have occurred since the entry of the judgment would prevent the judgment from being enforced on equitable grounds. Normal equitable considerations are used in all of the above summary process cases. Westfarms Mall Associates v. Kathy Johns, Inc., H-733.
A summary process judgment may be appealed. Mayron's Bake Shops,Inc. v. Arrow Stores, Inc., 149 Conn. 149, 157 (1961). The procedures of appeal and time to appeal are set by statute. Connecticut GeneralStatutes § 47a-35. Since summary process is an extraordinary statutory remedy, its language must be strictly construed. Jo-Mark Sand GravelCo. v. Pantanella, 139 Conn. 542, 555 (1950). Summary process requires its procedures to move in a summary manner. Instead of the standard CT Page 7520-H twenty day appeal period "execution shall be stayed for five days from the date judgment has been rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days. . . .If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section47a-35a." Connecticut General Statutes § 47a-35.
Since the former common law Writ of Error is now statutory, there are stays of execution and procedures for termination of those stays by the Supreme Court. "If, on application, during the pendency of any writ of error, by the defendant in error, to a judge of the supreme court and on reasonable notice of the application to the plaintiff in error, it appears to the judge that there is no reasonable or probable cause for the allowance of the writ, he may order, upon such terms as he considers reasonable, that the levy of the execution on the judgment upon which the writ was brought shall not be further suspended by reason of the pendency of the writ." Connecticut General Statutes § 52-278.
 CONCLUSION
Plaintiff has obtained a judgment of possession in the second summary process case, SPNO-9512 16795, James Wheeler v. Bruce Jones andTamika Jones. The defendants attempted to appeal that judgment to the CT Page 7520-I Appellate Court in accordance with Connecticut General Statutes§ 47a-35. On April 5, 1995, the Appellate Court dismissed that appeal. The appeal, therefore, is no longer pending. Dismissal of the appeal is a "final determination of the cause." The automatic stay of execution issued in accordance with §47a-35 existing by reason of the late filing of appeal, is no longer in existence because the Appellate Court dismissal was a "final determination of the cause". Connecticut GeneralStatutes § 47a-35, Practice Book § 4046
Defendants have not filed an application for a stay of execution.Connecticut General Statutes § 47a-37. The five day period of time within which to apply for a stay of execution, "within five days of the date judgment is rendered", has passed. Connecticut General Statutes§ 47a-35. In the summary process action docket number SPNO-9412 16795, the second summary process action, an execution should be issued to the plaintiff in accordance with Connecticut General Statutes § 47a-42 unless there is a further stay of execution in effect or an injunction in effect.
The court has ordered a temporary injunction in the second summary process action, docket number SPNO-9412 16795. The purpose of the temporary injunction was to prevent the service and issuance of an execution during the period of time that the defendants were attempting to take an appeal from the second summary process action to the CT Page 7520-J Appellate Court. Since the Appellate Court has dismissed any appeal process on April 5, 1995, the court herewith terminates the temporary injunction.
The next issue is whether or not the denial of the Writ of Audita Querela and the appeal to the Appellate Court from that denial in docket number CVNO-9501 3097 acts as a stay of execution. Any appeal is only authorized by statute. Connecticut General Statutes § 52-263 and§ 47a-35. An appeal from a judgment in summary process stays execution.Connecticut General Statutes § 47a-35. In general appeals there is a stay of execution on the enforcement of the judgment during the period of time that the appeal is pending. Practice Book § 4045 et seq;Connecticut General Statutes § 52-264. Appeals are authorized by statute only. Stays of execution are statutory only. A Writ of Audita Querela is a common law remedy not a statutory remedy. There is no right of appeal from a Writ of Audita Querela and there is, therefore, no stay of execution on a Writ of Audita Querela. The pendency of the appeal in docket number CVNO-9501 3097 does not prevent execution from being issued and served by the plaintiff as ordered unless a stay of execution is ordered by the Appellate Court.
The last issue at hand is to whether or not the pendency of a Writ of Error acts as a stay of execution. A Writ of Error was a common law action and is now authorized by statute. ConnecticutGeneral Statutes § 52-264 et. seq. Connecticut GeneralCT Page 7520-KStatutes § 52-278 appears to state that there is a stay of execution. This court does not have a copy of the Writ of Error. This court has no method of determining whether or not the Writ of Error was brought on the summary process action or from the denial of the Writ of Audita Querela. In any event, by statute, it is only a judge of the supreme court that can terminate any stay of execution on the Writ of Error. It appears that the following steps must be taken by the plaintiff, if necessary, to terminate any possible stay caused by the pendency of the Writ of Error;
1. An application to terminate any stay of execution should be made by the plaintiff to a judge of the supreme court.
2. Reasonable notice of the application shall be provided to the defendants Bruce Jones and Tamika Jones.
3. Allegations should be made in that application to the judge of the supreme court that there is no reasonable or probable cause for the allowance of the Writ of Error.
4. The request should be made to the judge of the supreme court that "the levy of the execution on the judgment upon which the writ was brought shall not be further suspended by reason of the pendency of the writ". Connecticut General Statutes § 52-278
CT Page 7520-L
5. It should be brought to the attention of the judge of the supreme court the termination of the temporary injunction ordered by this court in this memorandum of decision as well as the dismissal of the two summary process cases by the Appellate Court on April 5, 1995.
6. Plaintiff may also be privileged to argue Connecticut General Statutes § 47a-35 concerning the trial court's exercise of discretion and standards in terminating a stay of execution. "If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in § 47a-35a."
7. If the Appellate Clerk determines that no writ of error was ever properly served or filed with the supreme court, the matter should be certified back to this court for the issuance of an execution.
This court has determined that the temporary injunction should be terminated. The appeal from the summary process judgment has already been finally determined and dismissed by the Appellate Court. There is CT Page 7520-M no other reason why an execution should not be issued in accordance withConnecticut General Statutes § 47a-35. It is not necessary for this court to reach the issue as to whether or not "it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay" or "the defendant fails to give bond as provided in § 47a-35a" The trial court leaves the plaintiff to its remedies at law including but not limited to a determination and/or termination of whatever stay of execution may or may not exist by reason of the pending appeal of the denial of the Writ of Audita Querela to the Appellate Court, docket number CVNO-9501 3097 as well as the pending Writ of Error in the Supreme Court by reason of Connecticut General Statutes § 52-278.
This court's decision has terminated any and all stays of execution that may exist upon which this trial court has authority to terminate. This court cannot determine, based on the record before it, whether or not the Appellate Court and/or the Supreme Court have in effect any stays of execution.
The plaintiff's June 5, 1995 Motion to Terminate the Injunction is granted. The plaintiff's Motion to Determine and/or Terminate Stay at Execution is granted.
This court determines that the April 5, 1995 dismissals by the Appellate Court has terminated any automatic statutory stays of execution. CT Page 7520-N
This court awaits the decision of a judge of the supreme court concerning any application made to that judge pursuant to ConnecticutGeneral Statutes; § 52-278. This court awaits a certification of the record from the Appellate Clerk concerning whether or not the writ of error was properly served or filed with the supreme court in accordance with Connecticut General Statutes § 52-272 and § 52-273 as well asPractice Book § 4143 et seq.
BY THE COURT
KEVIN TIERNEY, JUDGE