## STATE OF CONNECTICUT *v.* WILLIAM MORRISSETTE
## (SC 16654)

Sullivan, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Argued February 14—officially released September 9, 2003

*Kevin T. Kane*, state's attorney, with whom, on the brief, was *Michael L. Regan*, supervisory assistant state's attorney, for the appellant (state).

*Kent Drager*, senior assistant public defender, for the appellee (defendant).

*Opinion*

PALMER, J. The sole issue in this certified appeal is whether General Statutes § 52-263[1] authorizes the state

---

[1] General Statutes § 52-263 provides: "Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

to take an immediate appeal from a trial court's decision to grant a criminal defendant's motion for a new trial after a guilty verdict has been rendered. We conclude that § 52-263 authorizes such an appeal upon the granting of a motion to set aside the verdict but not upon the granting of a motion for a new trial.

The following undisputed facts and procedural history are relevant to this appeal. A jury found the defendant, William Morrissette, guilty of felony murder in violation of General Statutes § 53a-54c, burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), robbery in the first degree in violation of General Statutes § 53a-134 (a) (1), arson in the first degree in violation of General Statutes § 53a-111 (a) (4), arson in the second degree in violation of General Statutes § 53a-112 (a) (1) (B), and tampering with physical evidence in violation of General Statutes § 53a-155 (a) (1). Shortly after discharging the jury, but prior to sentencing, the trial court received information that one or more jurors may have engaged in misconduct during jury deliberations. On the basis of this information, the defendant filed a motion for a new trial and a motion to set aside the verdict, among other motions that are not relevant to the merits of this appeal. Thereafter, the trial court held an evidentiary hearing pursuant to *State* v. *Brown*, 235 Conn. 502, 668 A.2d 1288 (1995).[2] The trial court

[2] In *Brown*, we invoked our supervisory authority over the administration of justice in concluding that "a trial court must conduct a preliminary inquiry, on the record, whenever it is presented with any allegations of jury misconduct in a criminal case, regardless of whether an inquiry is requested by counsel. Although the form and scope of such an inquiry lie within a trial court's discretion, the court must conduct some type of inquiry in response to allegations of jury misconduct. That form and scope may vary from a preliminary inquiry of counsel, at one end of the spectrum, to a full evidentiary hearing at the other end of the spectrum, and, of course, all points in between. Whether a preliminary inquiry of counsel, or some other limited form of proceeding, will lead to further, more extensive, proceedings will depend on what is disclosed during the initial limited proceedings and on the exercise of the trial court's sound discretion with respect thereto." *State* v. *Brown*, supra, 235 Conn. 526.

subsequently concluded that juror misconduct had occurred and that such misconduct was prejudicial to the defendant. In accordance with this conclusion, the court granted the defendant's motion for a new trial. In granting the defendant's motion for a new trial,[3] the court made it clear that it was addressing, and granting, the defendant's motion for a new trial only; the court expressly declined to address any of the other motions that the defendant had filed, including his motion to set aside the verdict.[4] The court then granted the state's request for permission to appeal from its ruling.

After the state's appeal was filed in the Appellate Court,[5] the defendant filed a motion to dismiss that appeal on the ground that the trial court's decision to grant the defendant's motion for a new trial did not constitute an appealable final judgment. In opposition to the defendant's motion to dismiss the state's appeal, the state claimed that its appeal was authorized by § 52-263. In particular, the state maintained that, although § 52-263 makes express reference to appeals from a "decision of the court granting a motion to set aside a verdict,"[6] but not to appeals from a decision to grant a motion for a new trial, the latter decision has the

---

[3] The trial court issued its decision to grant the defendant's motion for a new trial from the bench.

[4] After the trial court had ordered a new trial, a discussion ensued between the court and defense counsel concerning the issue of setting an appropriate bond for the defendant. During that colloquy, the trial court stated, inter alia, that "[t]his is the first time I've ever had to set bond after I had a jury render a verdict I just set aside." Although this statement would suggest that the court may have believed that it had set aside the verdict, the record is clear that, in fact, the court never acted on the defendant's motion to set aside the verdict.

[5] The state initially appealed to this court. Inasmuch as the state should have filed its appeal with the Appellate Court; see generally General Statutes § 51-199 (b); that appeal was transferred to the Appellate Court pursuant to Practice Book § 65-4.

[6] Section 52-563 also authorizes appeals from a final judgment. See footnote 1 of this opinion. The state does not claim, however, that its appeal in the present case is an appeal from a final judgment.

effect of setting aside the verdict, and, consequently, § 52-263 should be construed to apply to decisions to grant a motion for a new trial as well. The Appellate Court, however, granted the defendant's motion to dismiss the state's appeal "for lack of a final judgment . . . ." We subsequently granted the state's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly dismiss the [state's] appeal on the ground of lack of a final judgment?" *State* v. *Morrissette*, 259 Conn. 904, 789 A.2d 992 (2001). Because the state does not claim that its appeal follows a final judgment but, rather, falls within the language of § 52-263 authorizing an interlocutory appeal from a trial court's decision to grant a motion to set aside the verdict, we reformulate the certified issue[7] as follows: Does § 52-263 authorize the state to appeal from the trial court's decision to grant the defendant's motion for a new trial after a verdict of guilty even though that court never set aside the verdict?

On appeal, the state renews its claim that because the trial court's decision to grant the defendant's motion for a new trial also effectively set aside the verdict, that decision may be appealed pursuant to § 52-263. The defendant contends that the Appellate Court properly dismissed the state's appeal because: (1) § 52-263 applies to civil cases only; and (2) even if § 52-263 applies to criminal cases, it authorizes an appeal from a decision to grant a motion to set aside a verdict, but not from a decision to grant a motion for a new trial. Although we conclude that § 52-263 is applicable to criminal cases, we also conclude that § 52-263 does not authorize an appeal from a decision to grant a motion for a new trial. We therefore affirm the judgment of the Appellate Court.

---

[7] E.g., *Stamford Hospital* v. *Vega*, 236 Conn. 646, 648 n.1, 674 A.2d 821 (1996) (this court may rephrase certified questions to render them more accurate in framing issues presented by case).

It is axiomatic that "[t]he right of appeal is purely statutory. It is accorded only if the conditions fixed by statute and the rules of the court for taking and prosecuting the appeal are met." (Internal quotation marks omitted.) *Rivera* v. *Veterans Memorial Medical Center*, 262 Conn. 730, 733, 818 A.2d 731 (2003); see also *Doe* v. *Connecticut Bar Examining Committee*, 263 Conn. 39, 45, 818 A.2d 14 (2003) ("except insofar as the constitution bestows upon this court jurisdiction to hear certain cases . . . the subject matter jurisdiction of the Appellate Court and of this court is governed by statute" [internal quotation marks omitted]). Because § 52-263 provides the only arguable basis for the state's appeal, we first must determine whether § 52-263 applies to criminal, as well as to civil, cases.

Our determination of whether § 52-263 applies to criminal cases requires a review of two other statutory provisions, namely, General Statutes §§ 54-95[8] and 54-96.[9] We begin with the latter provision, which authorizes the state to appeal in a criminal case "in the same manner and to the same effect as if made by the accused." General Statutes § 54-96; see also *State* v. *Audet*, 170 Conn. 337, 340, 365 A.2d 1082 (1976) ("[t]he 'rulings and decisions' appealable under § 54-96 include any proceeding from which either a criminal defendant or a party to a civil trial could appeal"). Under General Statutes § 54-95 (a), a criminal defendant is authorized to appeal "in the same manner and with the same effect

---

[8] General Statutes § 54-95 provides in relevant part: "(a) Any defendant in a criminal prosecution, aggrieved by any decision of the Superior Court, upon the trial thereof, or by any error apparent upon the record of such prosecution, may be relieved by appeal, petition for a new trial or writ of error, in the same manner and with the same effect as in civil actions. . . ."

[9] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the Superior Court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the Supreme Court or to the Appellate Court, in the same manner and to the same effect as if made by the accused."

as in civil actions." It is undisputed that § 52-263 confers on a party in a civil action certain rights to appeal. Thus, under the plain language of this statutory framework, a criminal defendant has the same rights under § 52-263 as a party to a civil action.

The legislative genealogy of § 52-263 buttresses our conclusion that § 52-263 applies to both civil and criminal cases. In 1930, the General Statutes contained separate provisions for appeals from a final judgment; General Statutes (1930 Rev.) § 5689; and appeals from a decision to grant a motion to set aside a verdict. General Statutes (1930 Rev.) § 5693. By its express terms, § 5693 applied only to civil matters in which a verdict had been set aside as against the evidence.[10] In 1935, § 5693 was amended to authorize an appeal "[w]hen any court shall set aside a verdict of a jury in a civil cause upon any ground . . . ." General Statutes (Cum. Sup. 1935) § 1663c. Several years later, in 1943, the legislature consolidated the separate provisions dealing with appeals from a final judgment and appeals from a decision to grant a motion to set aside a verdict into one statutory provision. See General Statutes (Sup. 1943) § 728g.[11] Subsequent amendments to § 728g eliminated all references to "*civil* cause or action"; (emphasis added); resulting in the current version of General Statutes § 52-263, which authorizes an appeal "[u]pon

[10] General Statutes (1930 Rev.) § 5693 provides in relevant part that, "[w]henever any court shall set aside a verdict of a jury in a civil cause, upon the ground that it is against the evidence, the party in whose favor such verdict was rendered may appeal from the decision setting aside such verdict . . . ."

[11] General Statutes (Sup. 1943) § 728g provides in relevant part: "Upon the trial of all matters of fact in any cause or action . . . in the superior court or the court of common pleas or in any civil cause or action . . . if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal from the final judgment of the court or of such judge, or he may appeal from the decision of the court granting a motion to set aside a verdict . . . ."

the trial of all matters of fact in *any cause or action* in the Superior Court . . . from the final judgment of the court . . . or from the decision of the court granting a motion to set aside a verdict . . . ." (Emphasis added.) The fact that the legislature had removed the references to civil actions that appeared in the statutory precursors to § 52-263 evidences a legislative intent, consistent with the straightforward language of §§ 54-95 and 54-96, to broaden the scope of § 52-263 to include appeals in criminal and civil cases. See, e.g., *State* v. *Johnson*, 227 Conn. 534, 543, 630 A.2d 1059 (1993) ("[w]hen the legislature amends the language of a statute, it is presumed that it intended to change the meaning of the statute and to accomplish some purpose").

In light of the pertinent statutory language and history, we conclude that § 52-263 applies to both civil *and* criminal appeals.[12] We therefore turn to the issue of whether § 52-263 authorizes the state, in a criminal case, to take an immediate appeal from a trial court's decision to grant a motion for a new trial.

We begin with the words of the statute itself. Section 52-263 expressly authorizes only two categories of

---

[12] Although § 52-263 makes no distinction between civil and criminal cases, the defendant contends that § 52-263 is inapplicable to criminal cases because it is located in title 52 of the General Statutes, which governs civil actions, and because there is no similar provision in title 54 of the General Statutes, which contains provisions governing procedure in criminal cases. We disagree. The defendant, in so contending, fails to account for §§ 54-96 and 54-95, which, when read together, render the state's right to appeal generally coextensive with that of civil litigants. Furthermore, we previously have referred to statutory provisions contained in title 52, as well as to Practice Book sections governing civil matters, in determining the rights of a party to appeal in a criminal case. See, e.g., *State* v. *Crawford*, 257 Conn. 769, 774–75, 778 A.2d 947 (2001), cert. denied, 534 U.S. 1138, 122 S. Ct. 1086, 151 L. Ed. 2d 985 (2002) (citing § 52-263 for purpose of establishing appellate jurisdiction in criminal case); *State* v. *Wilson*, 199 Conn. 417, 437, 513 A.2d 620 (1986) (using provision of Practice Book governing civil procedure, namely, Practice Book (1978–1997) § 326, now Practice Book § 17-4, to inform interpretation of common-law rule applicable in criminal cases).

appeals: those from a final judgment[13] and those from a decision to grant a motion to set aside a verdict. There is no language in § 52-263 to suggest, however, that an appeal from a decision to grant a motion for a new trial falls within its purview. Inasmuch as the trial court granted the defendant's motion for a new trial but declined to take any action on his motion to set aside the verdict, the state's appeal falls outside the plain language of § 52-263.

Consistent with the language of § 52-263, this court concluded in *Hoberman* v. *Lake of Isles, Inc.*, 138 Conn. 573, 574, 87 A.2d 137 (1952), that the decision to grant a motion for a new trial is *not* equivalent to the decision to grant a motion to set aside a verdict. In *Hoberman*, the plaintiff sought to foreclose on a mortgage. Id., 573. After a trial, the court rendered judgment in favor of the defendant mortgagors. Id. Thereafter, the plaintiff filed a motion for a new trial upon demonstrating that the trial testimony of one of the defendants had been materially false. See id., 573–74. In the words of this court, the trial court concluded that, in light of the false testimony, "the judgment must be opened and a new trial had in order to avoid injustice or judicial error . . . ." Id., 574. On appeal from the decision of the trial court to grant the plaintiff's motion for a new trial, this court, sua sponte, raised the issue of "whether the order [granting the motion for a new trial was] one from which an appeal [lay]." Id. In dismissing the appeal, we explained that the statutory precursor to § 52-263, namely, General Statutes (1949 Rev.) § 8003, "authorize[d] an appeal only from a final judgment or from a decision granting a motion to set aside a verdict. The jurisdiction of this court is therefore limited to appeals which are within either of those two categories. . . . The . . . appeal [in *Hoberman* was] clearly not one

---

[13] As we have indicated; see footnote 6 of this opinion; the state does not contend that its appeal in the present case is from a final judgment.

from a decision granting a motion to set aside a verdict."[14] (Citations omitted.) Id.

We have reiterated consistently, albeit in dicta, that a decision to grant a motion for a new trial is not immediately appealable.[15] E.g., *State* v. *Myers*, 242 Conn. 125, 136 n.14, 698 A.2d 823 (1997) ("once a trial court has granted a motion for a new trial, the state must wait until final judgment has been rendered in the retrial before it can appeal the granting of the new trial"); *Gold* v. *Newman*, 211 Conn. 631, 637, 560 A.2d 960 (1989) ("the granting of a motion for a new trial, which opens the judgment previously rendered, does not qualify as a final judgment from which an [interlocutory] appeal may be taken"); *State* v. *Asherman*, 180 Conn. 141, 143, 429 A.2d 810 (1980) ("[a] motion for a new trial is interlocutory and an appeal lies only from the judgment to which the motion is addressed").

The state nonetheless claims that we have jurisdiction to entertain this appeal because the trial court's decision to grant the defendant's motion for a new trial had the effect of setting aside the verdict, thereby satisfying the *purpose*, if not the terms, of § 52-263. In essence, the state contends that we would be placing form over substance by barring it from maintaining this appeal solely because the trial court declined to take

[14] The court in *Hoberman* went on to conclude that the trial court's order granting the plaintiff's motion for a new trial also was not a final judgment. *Hoberman* v. *Lake of Isles, Inc.*, supra, 138 Conn. 575.

[15] The state contends that *Stern* v. *Allied Van Lines, Inc.*, 246 Conn. 170, 717 A.2d 195 (1998), supports it contention that a trial court's decision to grant a motion for a new trial may be appealed pursuant to § 52-263. In *Stern*, however, we merely concluded that "[t]he trial court's *granting of the plaintiff's motion to set aside the verdict* and grant a new trial [was] . . . appealable under § 52-263." (Emphasis added.) Id., 175. Inasmuch as the trial court in *Stern* ordered a new trial only after having *granted* the plaintiff's motion to set aside the verdict, that case does not support the state's contention that § 52-263 authorizes an appeal in the absence of a final judgment or a decision to grant a motion to set aside a verdict.

any formal action on the defendant's motion to set aside the verdict. We acknowledge the logic of the state's position.[16] Nevertheless, we are not at liberty to rewrite § 52-263. See, e.g., *State* v. *Luurtsema*, 262 Conn. 179, 202, 811 A.2d 223 (2002) ("It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is the function of the legislature." [Internal quotation marks omitted.]). Indeed, we are obligated to avoid a broad construction of § 52-263 because "[s]tatutes authorizing . . . appeal[s] in . . . criminal case[s] must be strictly followed." (Internal quotation marks omitted.) *State* v. *S & R Sanitation Services, Inc.*, 202 Conn. 300, 307, 521 A.2d 1017 (1987). Finally, we would be compelled to overrule well established precedent were we to adopt the state's position, something that we are especially hesitant to do when the legislature is presumed to have acquiesced in our long-standing interpretation of a particular statutory provision. E.g., *State* v. *AFSCME, Council 4, Local 1565*, 249 Conn. 474, 481, 732 A.2d 762 (1999). "Whe[n] this court interprets a statute and the legislature fails to take action to change that interpretation, it raises the presumption that the legislature has acquiesced in that interpretation. . . . The legislature is presumed to be aware of the interpretation that courts have placed on existing legislation and of the implications that we will draw from its inaction." (Citations omitted; internal quotation marks omitted.) Id.

---

[16] See, e.g., C. Tait & E. Prescott, Connecticut Appellate Practice and Procedure (3d Ed. 2000) § 3.11, p. 98 ("[Section 52-263] creates an anomalous situation in that other motions resulting in new trials are not deemed final or appealable. Consistency among functionally equivalent motions is desirable to avoid illogical distinction and complexity. As a matter of logic, the grant or denial of any motion that results in a new trial would not be a final judgment, as the case remains unresolved. Since the [state Supreme] [C]ourt cannot amend the statute, it has been urged to deem as final other motions that result in a new trial. As a matter of practice, much can be said for appellate review of a grant of a new trial to avoid the expense and delay of a second trial.").

"The legislature, by creating specific alternatives to a final judgment as a basis for appeal, has implicitly rejected other grounds for departing from the final judgment rule." *Gold* v. *Newman,* supra, 211 Conn. 638. The legislature may wish to consider expanding § 52-263 to authorize interlocutory appeals from any decision that results in a new trial after a verdict had been rendered in the first trial. Unless and until the legislature takes such action, however, we are constrained to adhere to our long-standing interpretation of § 52-263.[17] In accordance with that interpretation, the state must await the outcome of the second trial before obtaining appellate review of the trial court's decision to grant the defendant's motion for a new trial.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[17] We note that, in future similar cases, in which a trial court grants a defendant's motion for a new trial, the state itself may wish to request that the court also set aside the verdict, thereby eliminating the rather arbitrary procedural roadblock to an immediate appeal erected by § 52-263. Cf. *Stern* v. *Allied Van Lines, Inc.,* 246 Conn. 170, 175, 717 A.2d 195 (1998). Indeed, upon return of the case to the trial court, the state may wish to seek such action by the court. We express no view, however, as to whether the state should do so or, if it does, whether, under the circumstances—including the length of time that the matter has been pending retrial—the court, in its discretion, should grant the state's request.