

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-1994

# Gov't of the Virgin Islands v. Charleswell

Precedential or Non-Precedential:

Docket 93-7372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Gov't of the Virgin Islands v. Charleswell" (1994). *1994 Decisions.* Paper 24.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/24

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 93-7372 and 93-7391
_____

GOVERNMENT OF THE VIRGIN ISLANDS,
Appellant in No. 93-7372

v.

JUNIEL CHARLESWELL,
Appellant in No. 93-7391
_____

ON APPEAL FROM THE APPELLATE DIVISION OF
THE DISTRICT COURT OF THE VIRGIN ISLANDS
Division of St. Thomas and St. John

(D.C. Criminal No. 91-00056)
_____

Argued:  April 21, 1994
Before:  STAPLETON, ALITO, and WEIS, <u>Circuit Judges</u>

(Opinion Filed:  May 20, l994 )
_____

ROSALIE SIMMONDS BALLENTINE
Attorney General

PAUL L. GIMENEZ
Solicitor General

FREDERICK HANDLEMAN (Argued)
Assistant Attorney General

DARLENE C. GRANT
Office of the Attorney General
8050 Kronprindsens Gade, Ste. 1
St. Thomas, U.S.V.I.  00803

<u>Attorneys for the Government of the Virgin Islands</u>

RHYS S. HODGE, ESQ. (Argued)
19 Norre Gade
P. O. Box 6520
St. Thomas, U.S.V.I. 00804

Attorney for Juniel Charleswell


OPINION OF THE COURT
_____

ALITO, Circuit Judge:

Juniel Charleswell was convicted on various criminal charges in the Territorial Court of the Virgin Islands, but the Appellate Division of the District Court of the Virgin Islands reversed and held that he was entitled to a new trial. The Appellate Division concluded that the Territorial Court committed plain error because it gave a curative instruction, instead of declaring a mistrial sua sponte, when the prosecutor made improper remarks during rebuttal summation. The Government of the Virgin Islands has appealed this decision, and Charleswell has cross-appealed. We hold that the Territorial Court did not commit plain error in failing to grant a mistrial sua sponte based on the prosecutor's comments. We do not reach the arguments raised in Charleswell's cross-appeal because those arguments, although raised before the Appellate Division, were not addressed by that court. We therefore reverse the decision of the Appellate Division and remand to that court so that it can consider Charleswell's remaining arguments.


I.

In 1990, Charleswell was charged by information with (count I) assault on a peace officer with a deadly weapon, in

violation of 14 V.I.C. § 297(5); (count II) possession of a deadly weapon with intent to use it during the commission of a crime of violence, in violation of 14 V.I.C. § 2251(a)(2)(B); (count III) drawing and exhibiting a deadly weapon, in violation of 14 V.I.C. § 621(1); and (count IV) destruction of personal property, in violation of 14 V.I.C. § 1266.

Charleswell was tried on these charges before a jury in the Territorial Court. The evidence showed the following. At about 2:00 or 3:00 a.m. on the morning of September 24, 1990, Charleswell, an off-duty police officer, called the police dispatcher in St. Thomas and stated, using code, that the police station at Four Winds Plaza was under attack. Charleswell then drove to that station armed with his service revolver. According to Officer Milton Petersen, who was on duty at the time, Charleswell pointed the revolver at Petersen's chest. Petersen stated that he pushed Charleswell's hand away just before Charleswell pulled the trigger. As a result, the bullet was fired into the ceiling. Charleswell told Petersen that he did not want to hurt him, and Petersen left the station. Charleswell then went upstairs and obtained a shotgun. After telephoning Central Command and demanding that the dispatcher send more officers to the Four Winds Plaza station, Charleswell fired several shotgun blasts into the wall. He then walked downstairs and outside, where he fired the shotgun once into the ground. After speaking with the officers assembled outside, he entered his vehicle and drove to Central Command.

3

When Charleswell arrived, Central Command had been evacuated. Charleswell entered the building and fired rounds into the walls. At about 6:00 a.m., after speaking with several officers, he surrendered.

At trial, the "primary thrust" of Charleswell's defense was that, because of diminished capacity, he lacked the specific intent necessary to commit the offenses charged in counts I and II. App. Div. Op. at 4. Charleswell took the stand and testified that he had been mistreated on the job because he had arrested the son of the chief of police. This mistreatment, he said, had caused great stress and had induced him to "do a lot of drinking," to attempt suicide, and to obtain psychiatric counseling. App. 246-47. He testified that the stress had built up on him for two days and had then "somewhat exploded." Id. at 249. He also testified that he had consumed "a couple of beers" before driving to the Four Winds Plaza station. Id. at 251.

During rebuttal summation, the prosecutor made the following comments:

> We know he's [Charleswell] not crazy
> otherwise he would have pleaded insanity. So,
> what is this? It's just -- he's asking
> "excuse me for what I did." Now, if the
> defendant does need help to cope with stress,
> then acquitting him, finding him not guilty
> of all of those charges is not going to get
> him that help. It's just not.

App. at 386.

Defense counsel did not object when the prosecutor made these comments but instead waited until the court had instructed the jury. The court and both attorneys then engaged in a lengthy

4

discussion concerning the need for and the phrasing of curative instructions (see App. 436-44), and the court gave detailed curative instructions. With respect to the prosecutor's reference to the defendant's failure to raise an insanity defense, the court stated: "I just want to remind you that the defendant has no obligation to raise any particular defense or to produce any evidence or even call any witnesses," and the court therefore instructed the jury "to disregard that comment." Id. at 445. With respect to the prosecutor's statement regarding the defendant's alleged need for help to cope with stress, the court stated: "Now, that might lead to the wrong conclusion, that you have to find him guilty to get him help. Okay, and we didn't want to leave you with that impression." Id. The court then reminded the jurors that if they did not find that all of the elements of the offenses had been established beyond a reasonable doubt, they were required to find the defendant not guilty. Id. at 446. After giving these instructions, the court stated: "All right, Attorney Hodge [Charleswell's counsel] and Miss Counts [the prosecutor]?" Id. Charleswell's counsel responded: "Yes." Id. At no time did Charleswell's attorney request that the court grant a mistrial based on the prosecutor's remarks.

The jury found Charleswell guilty on all four counts. After sentencing, Charleswell appealed to the Appellate Division of the District Court, contending that he was entitled to judgment of acquittal on counts I and II and that the Territorial Court had erred in refusing to grant a continuance, in excluding certain expert testimony, and in failing to declare a mistrial

5

based on the prosecutor's remarks in rebuttal summation.  Without reaching Charleswell's other arguments, the Appellate Division held that the prosecutor's comments had resulted in plain error. The court explained:

> The prosecutor's remarks pertained to a central issue at trial, namely appellant's purported diminished capacity.  It was entirely inappropriate to discuss appellant's choice of plea and to predict that an acquittal would serve to deny appellant's the psychiatric treatment he needs.  We hold that these comments severely prejudiced appellant's right to a fair trial and that the curative instructions were insufficient to remedy this particularly egregious misconduct.

The Government of the Virgin Islands subsequently filed a notice of appeal to this court, and Charleswell then filed notice of cross-appeal.

II.

Before reaching the merits of the appeal or cross-appeal, we must decide whether we have appellate jurisdiction.

A.  Charleswell argues that we lack jurisdiction over the Government of the Virgin Islands' appeal because the Appellate Division's decision granting a new trial was not a "final" decision under 28 U.S.C. § 1291.  Charleswell relies on In the Matter of Alison, 837 F.2d 619 (3d Cir. 1988), in which we held that a particular order of the Appellate Division remanding a civil case for trial in the Territorial Court was not "final" under 28 U.S.C. § 1291.

6

In this case, however, our jurisdiction over the Government of the Virgin Islands' appeal is not dependent on 28 U.S.C. § 1291. Instead, we have jurisdiction over that appeal under 18 U.S.C. § 3731, which provides in pertinent part:

> In a criminal case, an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court . . . granting a new trial after verdict or judgment, as to any one or more counts . . . .

While this provision refers to an appeal by "the United States," we have held that it applies to appeals taken by the Government of the Virgin Islands. Government of the Virgin Islands v. Christensen, 673 F.2d 713, 716 (3d Cir. 1982). Moreover, in Government of the Virgin Islands v. Mills, 935 F.2d 591, 595-97 (3d Cir. 1991), we specifically held that this provision authorizes the Government of the Virgin Islands to appeal a district court order granting a new trial. Although the district court in Mills had sat in its capacity as a trial court, rather than in its capacity as an appellate tribunal reviewing decisions of the Territorial Court, the language of 18 U.S.C. §3731 provides no basis for holding that our jurisdiction varies depending on the capacity in which the district court sat. Thus, we conclude that we have jurisdiction over the Government of the Virgin Islands' appeal pursuant to 18 U.S.C. § 3731.

B. We also hold that the Government of the Virgin Islands' notice of appeal was timely. The Federal Rules of Appellate Procedure govern appeals to our court from the District Court of the Virgin Islands. Vasquez v. Fleming, 617 F.2d 334

7

(3d Cir. 1980).[1]  Therefore, the time limits for the filing of a

notice of appeal in a criminal case are those set out in Fed. R.

App. P. 4(b).  At the time in question here,[2] this provision

stated in relevant part:

---

[1] In <u>Vasquez</u> we relied on language in 48 U.S.C. § 1615 (1982) (amended 1984) stating that such appeals were subject to "[t]he rules of practice and procedure" promulgated by the Supreme Court pursuant to the Rules Enabling Act, 28 U.S.C. § 2072.  We wrote (617 F.2d at 335):

> The Federal Rules of Appellate Procedure were promulgated under section 2072 and thus by the text of section 1615 would appear to apply to appeals from the District Court of the Virgin Islands.

After the <u>Vasquez</u> decision, this language was deleted from 48 U.S.C. § 1615, and similar language was placed in 48 U.S.C. §1614(b), which provides in pertinent part as follows:

> Where appropriate . . . the rules of practice heretofore or hereafter promulgated and made effective by the Congress or the Supreme Court of the United States pursuant to Titles 11, 18, and 28 shall apply to the district court and appeals therefrom . . . .

Under this language, it remains clear, in our view, that the Federal Rules of Appellate Procedure apply to appeals to our court from the District Court of the Virgin Islands.

[2] By amendment effective on December 1, 1993, Rule 4(b) was reworded to provide in pertinent part as follows:

> In a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry either of the judgment or order appealed from, or a notice of appeal by the Government. . . .  When an appeal by the government is authorized by statute, the notice of appeal must be filed in the district court within 30 days after the entry of (i) the entry of the judgment or order appealed from or (ii) the filing of a notice of appeal by any defendant.

8

> In a criminal case, the notice of appeal by a
> defendant shall be filed in the district
> court within 10 days after the entry of (i)
> the judgment or order appealed from, or (ii)
> a notice of appeal by the Government. . . .
> When an appeal by the government is
> authorized by statute, the notice of appeal
> shall be filed in the district court within
> 30 days after the entry of (i) judgment or
> order appealed from or (ii) a notice of
> appeal by any defendant.

We conclude for two reasons that the references to the "government" in this rule applies to the Government of the Virgin Islands. First, we believe that circuit precedent weighs in favor of this interpretation. In Christensen, as previously noted, we held that an appeal by the Government of the Virgin Islands is an appeal by "the United States" under 18 U.S.C. §3731. An appeal under 18 U.S.C. § 3731 is, in the language of Fed. R. App. P. 4(b), an instance in which "an appeal by the government is authorized by statute." Consequently, Christensen suggests that the term "government" in Fed. R. App. P. 4(b) should be interpreted to include the Government of the Virgin Islands. Second, if the term "government" in Fed. R. App. P. 4(b) is not interpreted to include the Government of the Virgin Islands, then Rule 4(b) does not seem to provide any time period for the filing of a notice of appeal by the Government of the Virgin Islands. Rule 4(b) sets out only two time periods: 10 days for the "defendant" and 30 days for the "government" -- and the Government of the Virgin Islands is certainly not the

---

Even if this version of Rule 4(b) were applicable to this case, the rewording would not affect our disposition of the issues presented in this appeal.

9

"defendant."  Accordingly, we hold that, in an appeal to our court from the Appellate Division in a criminal case, the Government of the Virgin Islands must file its notice of appeal within 30 days after the entry of the order from which the appeal is taken.

The Government of the Virgin Islands complied with this requirement here.  The order of the Appellate Division was entered on April 21, 1993, and the Government of the Virgin Islands filed its notice of appeal 28 days later, on May 19.

C.  The remaining jurisdictional question that we must consider concerns Charleswell's cross-appeal.  At the time in question here, Fed. R. App. P. 4(b) stated that a defendant in a criminal case was required to file notice of appeal "within 10 days after the entry of (i) the judgment or order appealed from, or (ii) a notice of appeal by the Government"  (emphasis added).[3] In this case, since the "Government" filed a notice of appeal, Charleswell was required to file his notice of appeal "within ten days after the entry" of the Government's notice of appeal -- in other words, within ten days after the filing of the Government of the Virgin Islands' notice of appeal was entered on the district court docket.  See United States v. Cantero, 995 F.2d 1407, 1408 n.1 (7th Cir. 1993) (entry of order means entry on docket); United States v. Cooper, 876 F.2d 1192, 1195 (5th Cir. 1989) (same); United States v. Zuleta-Molina, 840 F.2d 157, 158

_____

[3]As previously noted, Rule 4(b) has now been reworded, but this change would not alter our decision.  See page 9, footnote 2, supra.

n.1 (1st Cir. 1988) (same).  Charleswell complied with this requirement.  The Government of the Virgin Islands' notice of appeal was entered on the district court docket on May 26, 1993, and Charleswell filed his notice of appeal seven days later, on June 2, 1993.  Accordingly, Charleswell's notice of appeal was timely.

III.

We now turn to the merits of the Government of the Virgin Islands' appeal.  We agree with the Territorial Court and the Appellate Division that the challenged remarks made by the prosecutor during rebuttal summation were improper.  Neither Charleswell's decision not to raise an insanity defense nor his likelihood of obtaining help for stress if acquitted had any bearing on the issues before the jury.  However, the Territorial Court's failure to grant a mistrial sua sponte was not "plain error" under Fed. R. Crim. P. 52(b).

Even if Charleswell's attorney had moved for a mistrial, we could not reverse Charleswell's convictions based on the prosecutor's remarks, unless those remarks, "taken in the context of the trial as a whole, were sufficiently prejudicial to have deprived [him] of his right to a fair trial."  United States v. DiPasquale, 740 F.2d 1282, 1297 (3d Cir. 1984), cert. denied, 469 U.S. 1228 (1985); see also, e.g., United States v. Gambino, 926 F.2d 1355, 1365 (3d Cir.), cert. denied, 112 S. Ct. 415 (1991).  Among the factors that must be considered in assessing prejudice are the nature of the comments in question and the

11

effect of curative instructions. See, e.g., United States v. Homer, 545 F.2d 864, 867-68 (3d Cir. 1976), cert. denied, 431 U.S. 954 (1977). Here, the challenged comments, while inappropriate, do not appear to us highly prejudicial. In addition, these remarks were apparently "not so shocking as to suggest to the defense that it seek curative instructions immediately. Moreover, in response to the defendant's subsequent complaint, the trial judge admonished the jury" to disregard these comments. Homer, 545 F.2d at 868.

In any event, even if the defense would have been entitled to a mistrial upon request, the trial court's failure to grant a mistrial on its own initiative was not plain error. The "plain error" doctrine "is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." United States v. Frady, 456 U.S. 152, 163 & n.14 (1982). Its proper role is "to correct particularly egregious errors" and to "redress . . . miscarriages of justice." Id. at 163. It is intended to correct errors that are "obvious" or that "otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Atkinson, 297 U.S. 157, 160 (1936). "By its terms, recourse may be had to [Rule 52(b)] only on appeal from a trial infected with error so `plain' the trial judge [was] derelict in countenancing it, even absent the defendant's timely assistance in detecting it." Frady, 456 U.S. at 163; see also United States v. Young, 470 U.S. 1, 15 (1985); Government of Virgin Islands v. Knight, 989 F.2d 619, 630-31 (3d Cir.), cert. denied 114 S. Ct. 556 (1993); Government

12

of Virgin Islands v. Smith, 949 F.2d 677, 681 (3d Cir. 1991); United States v. Wright, 921 F.2d 42, 46 (3d Cir. 1990), cert. denied 111 S. Ct. 2803; United States v. Sandini, 888 F.2d 300, 309 (3d Cir. 1989), cert. denied, 494 U.S. 1089.

In this case, the trial judge was not "derelict" in failing to grant a mistrial. As we have said, it is far from clear that the prosecutor's remarks were so prejudicial that they could not be remedied by curative instructions. Furthermore, since the defense requested curative instructions rather than a mistrial, the trial judge was entitled to assume that the defense did not want a mistrial. Under such circumstances, the test for granting a mistrial is "manifest necessity." See, e.g., Oregon v. Kennedy, 456 U.S. 667, 672 (1982); Arizona v. Washington, 434 U.S. 497, 509 (1978). There was no "manifest necessity" here. Consequently, we hold that the Territorial Court did not commit plain error in failing to declare a mistrial sua sponte.


IV.

We turn finally to Charleswell's cross-appeal. The arguments that Charleswell raises in his cross-appeal[4] were

[4]If accepted, Charleswell's argument that he was entitled to judgment of acquittal on counts I and II would result in alteration of the district court's judgment. It is therefore a proper subject for cross-appeal. Charleswell's remaining arguments, if accepted, would merely provide alternative grounds for affirming the district court's order granting a new trial, and consequently Charleswell could have raised them without cross-appealing. See 15A Charles A. Wright et al., Federal Practice and Procedure § 3904 (1992 & Supp. 1994). (citing cases). In any event, since the district court did not reach any of these arguments, we find it appropriate to remand so that that court can consider them in the first instance.

raised before the Appellate Division, but they were not addressed by that court, and we decline to address these arguments in the first instance.  Instead, we will remand so that they can be decided initially by the Appellate Division.

For these reasons, the order of the Appellate Division of the District Court is reversed, and the case is remanded for further proceedings consistent with this opinion.