**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant,**

v.

**Bryan FELIX.**

No. 03–1150.

United States Court of Appeals, Third Circuit.

Argued Dec. 9, 2003.

Decided Dec. 23, 2003.

Iver A. Stridiron, Attorney General, Elliott M. Davis, Solicitor General, Maureen Phelan (Argued), Assistant Attorney General, Department of Justice, St. Thomas, U.S.V.I., for Appellant.

Eric S. Chancellor (Argued), Christiansted, St. Croix, U.S.V.I., for Appellee.

Before NYGAARD, BECKER, and STAPLETON, Circuit Judges.

OPINION

BECKER, Circuit Judge.

This is an appeal by the Government from an order of the Appellate Division of the District Court of the Virgin Islands ("Appellate Division") vacating the judgment and commitment entered against Felix and remanding for a new trial. Felix was convicted of murder in the first degree, attempted murder, and unauthorized possession of a firearm, and was sentenced to eighty-five years in jail. In this appeal, the Government argues that the Appellate Division erred when it held that the Government committed a *Brady* violation by withholding certain information from the defendant or that it erred in reaching the merits of Felix's *Brady* claims because it never should have been looking at evidence not in the trial record.

For the reasons set forth below, we hold that the Appellate Court erred in reviewing evidence not in the original record and that it should have directed Felix to file a Rule 33 motion for a new trial based on newly discovered evidence. We therefore do not reach the *Brady* issue.

I. Facts and Procedural History

On the night of November 6, 1999, two cars pulled up to Lucy's food van in Christiansted Town. Three Hispanic men, Jose Mercado, Miguel Crispin, and Leonardo Rodriguez, were in a white Mitsubishi Mirage. Three Black men, Leon Isaac, Kasim Williams, and the defendant Bryan Felix, were in a red Mitsubishi Mirage. A fight broke out between the occupants of the two cars. As the fight progressed, the woman working in Lucy's food van saw a short, small-built black male walk toward the car saying, "I gonna take care of this." The frightened worker ran away for the

van and heard three shots and then a fourth a few seconds later. During the course of the confrontation, Miguel Crispin suffered a fatal gunshot wound. Rodriguez was shot twice, once in the abdomen and once in the chest, but managed to survive. Five shots were fired, one into the white car and the other four in its immediate vicinity.

Officers Conception and Lynch, two Narcotic Strike Force officers who were already in the area, heard the shots. Central Dispatch ordered them to investigate. The officers saw Isaac, Williams, and Felix in a red Mitsubishi trying to reverse down Church Street. Officer Conception ordered the driver to stop, but the car continued in reverse. Officer Concepcion then pulled his gun and screamed an order and the car did stop. The car occupants were identified by Mercado.

A gun was found next to the white Mitsubishi, lying in the mud. It had one print on it, but there was not enough to tie the print to any person present at the scene. The forensic examination did however show that the gun had been used to shoot both Crispin and Rodriguez.

Rodriguez knew Felix prior to the night of the shooting. A few days after he was shot, he positively identified Felix as the man who shot him and did so again at trial. Felix was arrested and charged with murder in the first degree for the killing of Crispin (14 V.I.C. § 922(a)(1)); the attempted murder of Rodriguez (14 V.I.C. § 922, 331); and the unauthorized possession of a firearm (14 V.I.C. § 2253(a)). On September 2, 1999, Felix was arraigned, entered a plea of "Not Guilty" and demanded a trial by jury. Felix was found guilty on all three counts. On February 28, 2001 Felix was sentenced to life without parole, or eighty-five years for murder in the first degree, fifteen years for the attempted murder, and ten years for the unauthorized possession of a firearm in the commission of a crime of violence, all sentences to be served concurrently.

Approximately four months prior to the trial, Rodriguez—who was to be a key witness for the prosecution—was involved in a separate criminal offense, a first degree robbery that was committed on September 8, 2000. On January 8, 2001, eight days before Felix's trial, an arrest warrant was issued for Rodriguez for his commission of the robbery. On September 19, 2000, four months before the trial in this matter, Rodriguez was identified from a photo array by one of the victims of the robbery as one of the persons who had committed the robbery. Rodriguez was arrested on March 1, 2001, approximately one month and a half after the guilty verdict in Felix's case was rendered.

Felix filed a Notice of Appeal to the District Court of the Virgin Islands, Appellate Division on February 16, 2001. Among other things, Felix argued to the Appellate Division that he was not given a fair trial because the Government had failed to disclose information about a criminal investigation and subsequent arrest warrant issued against Rodriguez. In the Appendix filed in the Appellate Division, Felix included an affidavit executed by Rodriguez, stating that he had lied at trial. In the affidavit, Rodriguez declared that although he had seen Felix at the scene, Felix was not the man who shot him. The appendix also contained the warrant for the arrest of Rodriguez, supported by the affidavit of the witness who identified him, both dated January 8, 2001, six days before the trial started. The appendix further contained a V.I.P.D. arrest report for Rodriguez, dated March 13, 2001, 13 days after Felix was sentenced. The appendix also contained a part of a pre-sentence report for Rodriguez. Felix claims that had he known about the criminal investigation concerning Rodriguez and the warrant that was issued for his arrest, he would

have been able to impeach the witness and change the outcome of the trial.

On December 16, 2002, the Appellate Division filed an opinion, holding that the Government's failure to disclose the information violated Felix's right to a fair trial. The judgment and commitment entered against Felix were vacated and the case was remanded to the Territorial Court for a new trial. This timely appeal by the Government of the Virgin Islands followed.

## II. Jurisdiction

The Government is appealing from the Appellate Division's order vacating the conviction and granting a new trial. The Appellate Division had jurisdiction over the appeal from a criminal conviction pursuant to 48 U.S.C. § 1613a(a) and V.I.Code § 33. Although an order to vacate and grant a new trial would not ordinarily constitute a "final order," we have jurisdiction pursuant to 18 U.S.C. § 3731 which states: "In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts." For these purposes, the United States includes the Government of the Virgin Islands, and the statute applies to the District Court, Appellate Division as well as the trial division. *See Gov't of the V.I. v. Fonseca,* 274 F.3d 760, 764 (3d Cir. 2001); *Gov't of the V.I. v. Charleswell,* 24 F.3d 571 (3d Cir.1994).

## III. Discussion

The Government argues that the affidavits, warrant, arrest report, and presentence report should not have been considered by the Appellate Division because they were not part of the record before the trial court. There is overwhelming support for that contention. *See, e.g.,* Fed. R.App. P. 10(a) (listing what may constitute the record on appeal as (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk.) We have long since held that "[t]he only proper function of a court of appeals is to review the decision below on the basis of the record that was before the [trial] court." *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1165 (3d Cir.1986).

Felix argues that he could not have brought to light Rodriguez's potential bias at trial since he was kept in the dark as to the arrest warrant and impending arrest, and he could not present evidence that Rodriguez had perjured himself on the witness stand since Rodriguez had not yet admitted to the perjury. Felix contends that an appellate court has the right to take judicial notice of new developments not considered by the lower court. In support of that claim Felix cites *Landy v. FDIC,* 486 F.2d 139 (3d Cir.1973). In *Landy,* plaintiffs appealed from a decision of the District Court, which granted certain defendants' motions to dismiss. The plaintiffs brought suit on behalf of themselves as purchasers of a bank's shares, on behalf of a class of other shareholders who purchased stock, and derivatively on behalf of a defunct bank, under federal securities laws. This Court held that under the proper circumstances, the Court could take judicial notice of new developments not considered by the lower court. *See Landy,* at 151. However, in *Landy* we did not, as in this case, take judicial notice of information not in the record and then reverse a trial court's decision based on that information. Rather, having taken judicial notice of the developments that had occurred after the trial, we held that it was appropriate "to remand to the district court rather than decide this issue now." *Id.*

The crux of the problem for Felix is that there already exists an established proce-

dure through which he should have presented new evidence not obtainable at trial: he should have brought the evidence to the attention of the trial court by means of a motion for a new trial on the basis of newly discovered evidence pursuant to Fed.R.Crim.P. 33. Rule 33 states in relevant part:

(a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

(b) Time to File.

(1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

In our view, the new evidence should have been presented to the trial court first. Then, if the trial court denied the motion for a new trial, the Appellate Division would review the denial for abuse of discretion. *See, e.g., United States v. Graciani,* 61 F.3d 70, 77 (1st Cir.1995) (holding that when a new evidence is discovered while a case is pending on appeal, the proper procedure is for the defendant to file a Rule 33 motion in the district court); *United States v. Kozinski,* 16 F.3d 795, 819 (7th Cir.1994) (holding that district court did not abuse its discretion in denying a new trial pursuant to a Rule 33 motion where the defendant alleged that the newly discovered evidence constituted a *Brady* violation).

Because the Appellate Division improperly viewed evidence that was not before the trial court, and because there is another, preferred method by which Felix could bring to light the new evidence, we hold that the Appellate Division's decision to vacate and remand for a new trial was in error. We therefore will vacate the order of the Appellate Division and remand the case with directions that it immediately remand the case to the Territorial Court so that Felix may move pursuant to Fed. R.Crim.P. 33 for relief based upon newly discovered evidence.[1] The mandate shall issue forthwith.

---

1. As stated in Rule 33(b), "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within three years after the verdict or finding of guilty." Felix was found guilty in the Territorial Court on January 18, 2001. Since Felix has already marshaled all his supporting documentation in the appendix he submitted to the Appellate Division, it should be reasonably feasible for him to file a Rule 33 motion for a new trial within the allotted three year period, despite the short amount of time left to him. If, for any reason, a timely Rule 33 motion cannot be filed, 28 U.S.C. § 2255 may provide an alternative means of litigating Felix's *Brady* claim. *See United States v. Dula,* 989 F.2d 772, 776 & n. 11(5th Cir.1993).