**PEOPLE OF THE VIRGIN ISLANDS, Appellant/Petitioner**
**v.**
**STEVEN BAXTER, Appellee/Respondent**

S. Ct. Crim. No. 2007/116

Supreme Court of the Virgin Islands

February 8, 2008

DOLACE MCLEAN, ESQ., Assistant Attorney General, VI Department of Justice, St. Thomas, U.S.V.I., *Attorney for Appellant.*

DAVID D. CATTIE, ESQ., CATHERINE L. YOUNG, ESQ., Ogletree, Deakins, Nash, Smoak & Stewart, LLC, St. Thomas, U.S.V.I., SAMUEL HALL, JR., ESQ., Hall & Griffith, St. Thomas, U.S.V.I., *Attorneys for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION

(February 8, 2008)

Before the Court is Steven J. Baxter's ("Appellee") motion to dismiss the People of the Virgin Islands's ("Appellant") appeal from an Order of the Superior Court granting Appellee's motion for a new trial. For the reasons elucidated below, this Court will grant Appellee's motion to dismiss the appeal from the grant of a new trial.

## I. PROCEDURAL POSTURE

Because of the parties' filings, this Court concludes that there is a dire need for preliminary clarification of Appellee's motion to dismiss before this Court decides the motion. Therefore, it is essential to posit the issue for resolution, in order to understand this Court's rationale in arriving at its decision.

The Appellant's notice of appeal states as follows:

> Comes Now the Appellant, People of the Virgin Islands, and hereby appeals to the Supreme Court of the Virgin Islands from an Order of the Superior Court of the Virgin Islands, District of St. Thomas and St.

John, entered on September 24, 2007, granting Defendant's First Supplemental Motion for Judgment of Acquittal Pursuant to FED. R. CRIM. P. 33 and Motion to Arrest Judgment pursuant to FED. R. CRIM. P. 34.

(Notice of Appeal, Oct. 19, 2007.)

The notice of appeal is conspicuously silent on the subject of a new trial. Additionally, it is noteworthy that Rule 33 of the Federal Rule of Criminal Procedure addresses "new trial" and not "judgment of acquittal," which is codified in Rule 29 of the Federal Rules of Criminal Procedure. Therefore, despite the foregoing, Appellant appears to be appealing the granting of both a judgment of acquittal and a new trial, together with the trial court's decision on the motion to arrest judgment.

Nonetheless, the pertinent part of the September 24, 2007 Order states as follows:

> **ORDERED,** that with respect to Defendant's First Supplemental Motion for Judgment of Acquittal Pursuant to FED. R. CRIM. P. 29, Motion for a New Trial pursuant to FED. R. CRIM. P. 33 and Motion to Arrest Judgment pursuant to FED. R. CRIM. P. 34 same is hereby **Granted; ORDERED,** that the Defendant shall be Granted a New Trial in this matter.

(Order at 2.)

Therefore, the September 24, 2007 Order addresses three (3) matters; namely, a judgment of acquittal, a motion for new trial, and a motion to arrest judgment. The same Order also granted Appellee a new trial. Significantly, Appellee's motion to dismiss Appellant's appeal states as follows:

> COMES Now, Appellee, Steven Baxter, by and through his attorneys, David J. Cattie, Esq., and Samuel Hall Jr. Esq. and, pursuant to 4 V.I.C. 31(b), files this Motion to Dismiss the Government's Appeal in the above captioned matter. As reason for this Motion, Appellee asserts that the Order from which the Government has filed its appeal is not an appealable Order.

(Appellee Steven J. Baxter's Mot. to Dismiss Government's Appeal, Oct. 31, 2007.)

The Appellee's memorandum in support of his motion to dismiss is pivotal, because the memorandum indisputably states that the underpinning of Appellee's motion to dismiss is the granting of a new trial and not the granting of a judgment of acquittal or the granting of the motion to arrest judgment. The supporting memorandum is further illuminating and provides:

### BACKGROUND

On August 31, 2007, the Honorable Edgar J. Ross, having considered the Appellee's motions and briefs, and the Government's responses thereto, entered an oral Order granting Appellee a new trial in the Superior Court in matter No. St. 06 CR 102. On September 24, 2007, the Honorable Michael C. Dunston, signed an Order memorializing Judge Ross's August 31, 2007 Order granting a new trial. On October 22, 2007, the Government filed a Notice of Appeal of Judge Ross's Order granting Appellee a new trial. *Because the Order granting Appellee a new trial is not a final, appealable Order, the Government's appeal should be dismissed without further consideration.* (Emphases added and footnote omitted).

(Appellee Steven Baxter's Mem. of Law in Supp. of His Mot. to Dismiss Government's Appeal at 1.)

The "ARGUMENT" section of the Appellee's Memorandum in Support of Motion to Dismiss Appeal states that lain order granting a new trial pursuant to Superior Court Rule 135 is not an appealable order."

Undeniably, Appellee's motion to dismiss Appellant's Appeal is directed at the appeal from the order granting a new trial, because it is the only subject addressed in Appellee's supporting memorandum to his motion to dismiss the appeal. Accordingly, the Court will resolve only the issue of the grant of a "new trial."

### II. FACTS

On August 31, 2007, and pursuant to Appellee's motion and the Appellant's responses, Judge Edgar Ross issued an oral order, granting Appellee's motion for a new trial in *People of the Virgin Islands v. Steven Baxter,* Super. Ct. No. 102/2006. On September 24, 2007, Judge Micheal C. Dunston entered a written order, memorializing Judge Ross's August 31, 2007 oral order. On October 22, 2007, Appellant filed a notice

of appeal, appealing the September 24, 2007 order granting *inter alia* Appellee a new trial. On October 31, 2007, Appellee filed a motion to dismiss Appellant's appeal, contending that the trial court's September 24, 2007 Order granting a new trial is not a final order and, therefore, it is not appealable and should be dismissed. Appellant has filed a response, opposing Appellee's motion to dismiss. In its response, Appellant avers that federal law provides for an interlocutory appeal from an order granting a new trial to the defendant in a criminal case. Appellant further avers that applicable case law precedent in the United States Court of Appeals for the Third Circuit informs that an order granting a new trial to a defendant in a criminal case is an order cognizable for interlocutory appeal. Therefore, Appellant importunes this Court to deny Appellee's motion to dismiss the appeal.

## III. ISSUE PRESENTED

The sole issue before this Court is whether the Superior Court's order granting a new trial to a defendant in a criminal case after a jury verdict is an appealable interlocutory order.

## IV. DISCUSSION

A pivotal part of resolving the issue in this case involves statutory interpretation and specifically application of the plain meaning rule of statutory interpretation.

■ It is well settled that when the statutory language is plain and unambiguous, no further interpretation is required. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S. Ct. 843, 136 L. Ed. 2d 808 (1997). "[W]e begin interpreting a statute by examining the literal and plain language of the statute." *Markovski v. Gonzales*, 486 F.3d 108, 110 (4th Cir. 2007). The "inquiry ends with the plain language as well, unless the language is ambiguous." *Id.* Similarly, "in interpreting a statute, we look first to the statute's plain meaning and, if the statutory language is facially unambiguous, our inquiry comes to an end." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1199 (11th Cir. 2007). Additionally, "[w]hen construing the terms of a statute, we begin with its plain language." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007).

■ In *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-254, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992), the United States Supreme Court opined concerning the canons of statutory interpretation and

emphatically stated: "in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, the first canon is also the last: judicial inquiry is complete." *Id.* (internal citations and quotations omitted). No interpretation by the court is necessary where the terms are plain and unambiguous. *Id. See also, Gonzales v. Carhart,* 550 U.S. 124, ___, 127 S. Ct. 1610, 1630, 167 L. Ed. 2d 480 (2007) ("[i]n interpreting statutory texts courts use the ordinary meaning of terms unless context requires a different result").

■ The jurisdiction of the Supreme Court of the Virgin Islands ("Supreme Court") is codified in section 32(a) of Title 4 of the Virgin Islands Code[1], Act No. 6687, approved October 29, 2004. Act No. 6687 provides in pertinent part: "(a) the Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." The mandate in section 32(a) is buttressed by the language in section 33(a) of Title 4, which states: "(a) Appealable judgments and orders to the Supreme Court shall be available only upon the entry of a final judgment in the Superior Court from which appeal or application for review is taken." Both sections of Title 4 are explicit and concise. Likewise, both sections are plain and unambiguous. Additionally, Title 4's two sections convey the entrenched legal principle of finality in the trial court before a case advances to the appellate court. Nonetheless, local law allows for interlocutory appeals in limited circumstances in both civil and criminal cases. Therefore, if Appellant undertakes an interlocutory criminal appeal, the authority to appeal must be anchored in the interlocutory appeals provision of section 33, Title 4.

In deciding Appellee's motion to dismiss the appeal, it is imperative that two pertinent statutes, Act No. 6687 and Act No. 6730, be given close scrutiny. Act No. 6687 (approved October 29, 2004), which established the Supreme Court and which simultaneously provides for criminal interlocutory appeals, states in section 33(d)(1) as follows:

---

[1]   V.I. CODE ANN. tit. 4, § 32(a),

(1) In a criminal case an appeal by the Government of the Virgin Islands shall lie to the Supreme Court from a decision, judgment, or order of the Superior Court dismissing an indictment or information or *granting a new trial after verdict or judgment,* as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution or the Revised Organic Act prohibits further prosecution. (emphasis added).

■ Unquestionably, pursuant to Act No. 6687, the Government was empowered to prosecute an interlocutory criminal appeal when the Superior Court granted a defendant a new trial after verdict, as in this case. However, the Government's authorization was short-lived. For whatever inexplicable reason, the Virgin Islands Legislature ("Legislature"), approximately six (6) months after enacting Act No. 6687, repealed the Government's grant of authority by expressly deleting from Act No. 6687 the Government's authority to pursue an interlocutory appeal, involving the grant of a new trial after a verdict or judgment. Act No. 6730 (approved May 5, 2005) provides in section 53, a cumbersome direct quote, as follows: "Title 4 Virgin Islands Code, Chapter 2, Sub-chapter 2A, Section 33, subsection (d) paragraph (1) is amended after the word 'information' by deleting the language 'granting a new trial after verdict or judgment' and inserting in its stead 'otherwise terminating a prosecution in favor of the defendant.'" The only plausible explanation for the plain and unambiguous language of section 53 is that the Legislature specifically intended to revoke the Government's right to pursue an interlocutory appeal in a criminal case in instances where the Superior Court "granted a new trial after verdict." The statutory language is forthright, unambiguous, and lends itself to only one interpretation.

This Court is cognizant that Appellant cites *Government of the Virgin Islands v. Fonseca*, 274 F.3d 760, 764, 44 V.I. 336 (3d Cir. 2001). The Appellant, however, overlooks a very salient fact, which is that *Fonseca* was decided years before both Act No. 6687 and Act No. 6730 were promulgated. Therefore, the United States Court of the Appeals for the Third Circuit never had to consider these two enactments when it issued the *Fonseca* decision in 2001. Similarly, the Third Circuit Court of Appeals never had to consider that the appellate jurisdictional landscape in the Virgin Islands has drastically changed with the enactment of Act No. 6687 and with the advent of the Supreme Court.

Additionally, the *Fonseca* decision cites *Government of the Virgin Islands v. Charleswell*, 24 F.3d 571, 30 V.I. 394 (3d Cir. 1994). The grant of a "new trial" in both *Fonseca* and *Charleswell* were resolved by the language of 18 U.S.C. 3731.[2] The decisions in those cases involved Federal District Courts and made no distinction whether the decisions were made by a Federal District Court or the Appellate Division of the District Court of the Virgin Islands. This case, however, involves the jurisdictions of the territorial appellate and trial courts, both of which were created by local law.

■ Sections 21(a) of the Revised Organic Act of 1954 ("ROA") as amended consigned "[t]he judicial power of the Virgin Islands . . . in such appellate court and lower court as may have been or may hereafter be established by local law."[3] In section 21(b) of the ROA[4], the Legislature of the Virgin Islands is authorized, using local law, to vest jurisdiction over all causes in the Virgin Islands in the courts of the Virgin Islands,

---

[2]  18 U.S.C.A. § 3731 provides:

§ 3731. Appeal by United States

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted. The provisions of this section shall be liberally construed to effectuate its purposes.

[3]  Revised Organic Act of 1954, § 21(a), 48 U.S.C. § 1611(a) (1994), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 1997) (preceding V.I. CODE ANN. tit. 1).

[4]  48 U.S.C. § 1611(b).

over which any court established by the Constitution and Laws of the United States does not have exclusive jurisdiction. *Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins*, 70 F.3d 270, 273, 33 V.I. 280 (3d Cir. 1995); *Estate of Thomas Mall, Inc. v. Territorial Court of the Virgin Islands*, 923 F.2d 258, 261 (3d Cir. 1991). Armed with this grant of authority, the Legislature proceeded to vest appellate jurisdiction over local causes in the local appellate court by enacting both Act No. 6687 and Act No. 6730. Therefore, the Legislature crafted Act No.6687, pursuant to the Legislature's authority codified in the ROA. More importantly, the enactment of Act No. 6687 created an incomparable shift in appellate jurisdiction over local causes from the Appellate Division of the District Court, a federal court, to the Supreme Court, a local court. This change in the territorial judiciary also generated changes in the applicable laws governing appeals from the Superior Court. Since the Supreme Court commenced accepting appeals from the Superior Court on January 29, 2007, these appeals would now be governed by local law.

To conclude otherwise or to suggest that federal law, outside of the ROA, governs the jurisdictional parameters of the Supreme Court is to make a farce and nullification of sections 21(a) and (b) of the ROA. Indeed, it would be tantamount to a legal fiction for someone to assert that the Virgin Islands Legislature can enact laws governing appeals from the Superior Court to the Supreme Court, and when it does, the same laws would automatically be superseded by federal law or the Federal Rules of Appellate Procedure. Both *Fonseca* and *Charleswell,* which predate Act No. 6687 and Act No. 6730, were resolved by federal law or federal procedural rules. To contend that these decisions are precedential on the issue of whether a Superior Court order granting a "new trial" in a criminal case is appealable to the Supreme Court as an interlocutory appeal, would entail callously ignoring Act No. 6687 and Act No. 6730. Similarly, to follow the two decisions is to promote a colossal and insurmountable digression to the Virgin Islands' unrelenting march towards establishing a local, independent judiciary.

Appellant's reliance on *Felix v. Government of Virgin Islands*, 47 V.I. 573 (D.V.I. 2005), is equally misplaced. Appellant suggests that language in *Felix* mandates that this Court must follow 18 U.S.C. § 3731; therefore,

the Superior Court's grant of a new trial in a criminal case is subject to an interlocutory appeal.[5] Specifically, Appellant relies on the following language in *Felix*; *to wit*: "[t]he Omnibus Justice Act of 2005, Act No. 6730, Section 54 (amending Act No. 6687 (2004), which replaced 4 V.I.C. § 33-40 reinstated appellate jurisdiction in this court (the Appellate Division of the District Court)." Because the Appellate Division of the District Court is a federal court, Appellant concludes that federal law shall apply when the Superior Court grants a new trial in a criminal case and a purported timely notice of appeal is filed in the Superior Court.

█ Astonishingly, Appellant totally ignores Section 53 which is the section immediately preceding Section 54 in the same Act No. 6730, and is within the same Omnibus Justice Act of 2005. Obviously, since both Sections 53 and 54 are part of the same statute, they cannot be read in isolation of each other. Importantly, each statutory provision must be read by reference to the whole statute. *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, ___ U.S. ___, ___, 127 S. Ct. 2162, 2170, 167 L. Ed. 2d 982 (2007); *See Gonzales v. Oregon*, 546 U.S. 243, 273, 126 S. Ct. 904, 163 L. Ed. 2d 748 (2006). Similarly, "the statute should be interpreted to give consistent, harmonious and sensible effect to all its parts." *See* 3A N. Singer, *Sutherland on Statutes and Statutory Construction* § 69:4 (rev. 6th ed. 2003 and 2007 update).

Section 54 of Act No. 6730 entrusted local appellate jurisdiction to the Appellate Division of the District Court only until the Supreme Court commenced hearing appeals effective January 29, 2007, when the Chief Justice of the Supreme Court, in accordance with law, informed the Governor of the Virgin Islands that the Supreme Court was ready to hear appeals. As of that day, the efficacy of Section 54 was replaced by section 53 of the same statute. In Act No. 6730, section 53 expressly mandates the deletion of the language "granting a new trial after verdict or judgment." This Court cannot ignore nor assert that section 53 is superfluous verbiage in Act No. 6730, as to do so would require a tortuous reading of Act No. 6730 that rejects the explicit legislative intent of section 53.

Consequently, when section 53 of Act No. 6730 amended section 33(d)(1) of Title 4 of the Virgin Islands Code by explicitly deleting from

---

[5]   *See* § 3731.

section 33 the language "granting a new trial after verdict or judgment," the Appellant has lost its right to an interlocutory appeal when the Superior Court grants a new trial in a criminal case after a verdict or judgment. Therefore, this Court has no jurisdiction to hear appellant's interlocutory appeal, concerning the grant of a new trial to Appellee. Moreover, the only difference between the language in the first paragraph of 18 U.S.C. § 3731 and the language in 4 V.I.C. § 33(d) (1), which is section 53 of Act No. 6730, is that the language "granting a new trial after verdict or judgment" was deleted from the original 4 V.I.C. § 33(d) (1) by the Legislature.

The Superior Court's September 24th, 2007 order granting a new trial in this case is not an appealable final order, because the proceedings are not terminated. The Supreme Court of Connecticut also decided that a grant of a motion for a new trial is not an appealable order, where the Connecticut statute which is similar to ours, did not provide for an immediate or interlocutory appeal of the trial court's grant of a new trial. *State v. Morrissette*, 265 Conn. 658, 830 A.2d 704, 705 (2003). In the words of that court:

> We have reiterated consistently, albeit in dicta, that a decision to grant a motion for a new trial is not immediately appealable. E.g., *State v. Myers*, 242 Conn. 125, 136 n. 14, 698 A.2d 823 (1997) ("once a trial court has granted a motion for a new trial, the state must wait until final judgment has been rendered in the retrial before it can appeal the granting of the new trial"); *Gold v. Newman*, 211 Conn. 631, 637, 560 A.2d 960 (1989) ("the granting of a motion for a new trial, which opens the judgment previously rendered, does not qualify as a final judgment from which an [interlocutory] appeal may be taken"); *State v. Asherman*, 180 Conn. 141, 143, 429 A.2d 810 (1980) ("[a] motion for a new trial is interlocutory and an appeal lies only from the judgment to which the motion is addressed").

830 A.2d at 709.

Importantly, pursuant to territorial law, an order granting a new trial in a criminal case was specifically removed from the category of interlocutory appeals. Therefore, this case continues at the Superior Court with the retrying of the charges against Appellee. Additionally, the Superior Court has held a pre-trial conference in this case and has rescheduled the case for jury trial in March 2008.

## V. CONCLUSION

■ Accordingly, the Court has no jurisdiction to hear an interlocutory appeal in a criminal case where the Superior Court grants a defendant a new trial after a jury verdict. Therefore, Appellee's motion to dismiss limited only to Appellant's interlocutory appeal from the Superior Court's Order granting Appellee a new trial is hereby **GRANTED.**