NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1754

GOVERNMENT OF THE VIRGIN ISLANDS

v.

KENDALL WILLIAMS,

Appellant

On Appeal from the District Court of the Virgin Islands – Appellate Division
(D.C. Crim. No. 3-05-cr-00061-001)
Chief Judge: Hon. Curtis V. Gomez
District Judge: Hon. Raymond L. Finch
Superior Court Judge: Hon. Patricia D. Steele

Submitted pursuant to Third Circuit LAR 34.1(a)
December 13, 2010

Before: McKEE, *Chief Judge*, FUENTES and SMITH,
*Circuit Judges*

(Opinion filed:  February 8, 2011)

OPINION

McKEE, *Chief Judge*.

Kendall Williams was convicted by a jury in the Superior Court of the Virgin

Islands of first degree murder and related charges arising from the killing of Khoy Smith,

Jr.  He was sentenced to life in prison without parole.  He appealed his conviction to the

Appellate Division of the District Court , which affirmed the convictions.  He then filed

this appeal.  For the reasons that follow, we will reverse and remand for a new trial.

1

Inasmuch as we write primarily for the parties who are familiar with the background of this case, we will recite only as much of the history of this case as is necessary for our disposition of the appeal.

Kendall Williams was charged with aiding and abetting Gregory Williams on the first five counts of an indictment: first degree murder, carrying an unlicensed firearm during the commission of first degree murder, first degree assault, carrying an unlicensed firearm during the commission of first degree assault and possession of ammunition. Kendall Williams was also charged as a principal, who was aided and abetted by Gregory Williams, on the same charges in counts six through ten, the two were tried together. A jury found Kendall Williams guilty on counts six through ten. He was sentenced to life without parole on count six, with prison time for the other counts to run concurrently. Gregory Williams was also convicted of first degree murder and related charges and was sentenced to life in prison without parole.

Gregory Williams, Kendall Williams' co-defendant, also filed an appeal to the Appellate Division of the District Court, which affirmed his convictions. Gregory Williams then filed an appeal to this court. In his appeal, we reversed Gregory Williams' convictions , and remanded for a new trial, based on our conclusion that certain remarks made by the Superior Court trial judge denied Gregory Williams a fair trial. *See Gov't of the Virgin Islands v. Gregory Williams*, 2010 WL 939916 (3d Cir. Mar. 17, 2010). The government  correctly concedes that, if we have jurisdiction here, our decision in *Gov't of the Virgin Islands v. Gregory Williams* must also apply to Kendall Williams and that he

2

would also be entitled to a new trial.[1]  However, the government maintains that Kendall Williams' appeal is untimely and, therefore, we do not have jurisdiction over his appeal.

The Appellate Division of the District Court's order affirming Kendall Williams' convictions was dated June 26, 2009, and was entered on the docket on June 26, 2009. Kendall Williams filed his Notice of Appeal on July 7, 2009.  The government contends:

> Pursuant to Third Circuit Local Appellate Rule 4(b)(1)(A)(i),
> in a criminal case, a defendant's notice of appeal must be
> filed in the district court within 10 days after the entry of
> judgment or the order being appealed.

Gov't. Br. at 1.  According to the government: "It is 12 days from, and including, Friday, June 26, 2009, to, and including, Tuesday, July 7, 2009."  *Id*. (footnote omitted). Therefore, the government submits that Kendall Williams' appeal is out of time and we lack appellate jurisdiction.[2]  We disagree.

"The Federal Rules of Appellate Procedure govern appeals to our court from the District Court of the Virgin Islands."  *Gov't of the Virgin Islands v. Charleswell*, 24 F.3d 571, 575 (3d Cir. 1994) (citation omitted).  "Therefore, the time limits for the filing of a notice of appeal in a criminal case are those set out in Fed.R.App.P. 4(b)."  *Id*.  At the

---

[1] The government disputes Kendall Williams' claim that the evidence was insufficient to sustain his convictions.  We have reviewed the record and conclude that the evidence was sufficient to support the jury's verdict against Kendall Williams and his claim to the contrary is meritless.

[2] The government also contends that the timely filing of a notice of appeal is jurisdictional.  Gov't. Br. at 2.  However, Rule 4(b) is not jurisdictional and is subject to forfeiture.  *See Gov't of the Virgin Islands v. Martinez*, 620 F.3d 321, 327 (3d Cir. 2010). Forfeiture is not at issue here.

time in question here, Rule 4(b) required Williams to file a notice of appeal within 10 days of the entry of the Appellate Division's final order.[3] In addition, at the time in question here, under Fed.R.App.P. 26(a) the day of the "act, event or default that begins the period" was excluded from computing the time and also, for time periods less than eleven days, intermediate Saturdays, Sundays and legal holidays were excluded.[4]

As noted, the Appellate Division's order affirming the convictions was entered on Friday, June 26, 2009, so that day is excluded. June 27th and 28th were Saturday and Sunday, respectively, so those days are also excluded. June 29th, June 30th, July 1st, July 2nd, were Monday, Tuesday, Wednesday and Thursday, respectively, and are counted. Thus, 4 days had run on the 10 day period. July 3rd, was a Friday, but was the day when Independence Day was celebrated, so that day is excluded. July 4th and July 5th were Saturday and Sunday, respectively, and are excluded. July 6th and July 7th were Monday and Tuesday, respectively and are counted. Accordingly, when Kendall Williams filed his Notice of Appeal on July 7, 6 days had run on the 10 day period.[5] Thus, his notice of appeal was timely filed and we have appellate jurisdiction.

Because, as noted above, we have already decided that the trial judge's remarks

---

[3] Rule 4(b) now prescribes a 14 day window for a criminal defendant to file a notice of appeal.

[4] Effective December 1, 2009, the rules for calculating time were amended. *Gov't of the Virgin Islands v. Hodge*, 2010 WL 3449137 at *1, n.1 (3d Cir. Sept. 3, 2010). Amended Rule 26(a), while still excluding the day that "triggers the period," now says to "count every day, including intermediate Saturdays, Sundays and legal holidays."

[5] Under Rule 26(a) in effect at the time, the last day of the period was included unless it was a Saturday, Sunday or a legal holiday. The New Rule 26(a) also includes the last day of the period unless it is a Saturday, Sunday or a legal holiday.

were unduly prejudicial and warrant a new trial, we will vacate the judgment of conviction and sentence, and remand for a new trial.