# LAURA DEMCHAK *v.* CITY OF NEW HAVEN
## (AC 25852)

Dranginis, Gruendel and Harper, Js.

Argued October 17, 2005—officially released January 24, 2006

*Jonathan H. Beamon,* assistant corporation counsel, for the appellant (defendant).

*Gregory J. Sachs,* for the appellee (plaintiff).

*Opinion*

DRANGINIS, J. This appeal arises out of a negligence action brought by the plaintiff, Laura Demchak, against the defendant, the city of New Haven, to recover damages for injuries she sustained when she fell on a walkway in a public park. On appeal, the defendant claims that (1) the jury charge was improper, and (2) the court improperly granted the plaintiff's motion to set aside the verdict and for additur[1] because a walkway in a public park does not come within the purview of General Statutes § 13a-149.[2] We conclude that the court prematurely rendered judgment without affording the defendant the opportunity either to reject or to accept the additur and, accordingly, we reverse the judgment only as to the order of additur.[3]

[1] The defendant correctly states the proposition that the granting of a motion to set aside the verdict is immediately appealable pursuant to General Statutes § 52-263. In this instance, however, the court did not grant the plaintiff's motion to set aside the verdict. On the contrary, it awarded the additur and then rendered judgment in favor of the plaintiff. An additur merely increases the amount of the award in damages; it does not act as a procedural vehicle that automatically sets aside the verdict. In other words, requesting an additur and requesting that the court set aside the verdict present mutually exclusive alternatives. In this instance, the court's memorandum of decision clearly shows that the court chose the former and granted the additur. The motion to set aside the verdict was not granted.

[2] After oral argument before this court, we ordered the parties to file supplemental briefs on the issues of (1) whether a final judgment exists and (2) the preservation of the liability issue when the defendant did not act on the court's order of additur. General Statutes § 52-263 "expressly authorizes only two categories of appeals: those from a final judgment and those from a decision to grant a motion to set aside a verdict." *State* v. *Morrissette*, 265 Conn. 658, 665–66, 830 A.2d 704 (2003). Although an order of additur is not technically a final judgment, a party may appeal from an award of an additur directly. See General Statutes § 52-228a. Before an additur may even be awarded, however, the parties must first be given a reasonable time in which to accept the additur. See General Statutes § 52-228b. On the basis of the fact that the court rendered judgment in favor of the plaintiff, albeit prematurely, we conclude that an appealable final judgment does exist. We address the preservation of the liability issue in the text of this opinion.

[3] Because we conclude that the court improperly rendered judgment without affording the defendant an opportunity to accept the additur, we decline

The following facts and procedural history are relevant to our discussion of the defendant's claims. In January, 2001, the plaintiff fell on a walkway in a public park in New Haven. In her amended complaint, the plaintiff alleged that her fall was due to an accumulation of ice and snow on the walkway and that the defendant violated § 13a-149 by allowing the condition of the walkway to go unabated. Following a jury trial, the plaintiff received a favorable verdict and was awarded $1930.50 in economic damages and zero noneconomic damages. The defendant filed a motion to set aside the verdict. The plaintiff filed a motion for an additur or, in the alternative, requested that the court set aside the verdict and order a new trial as to damages only. On September 8, 2004, the court issued a memorandum of decision in which it denied the defendant's motion to set aside the verdict and granted the plaintiff's motion for additur. The court ordered an additur in the amount of $2565 in economic damages and $5000 in noneconomic damages for a total award of $9495.50. The court further ordered that "[i]f the parties do not accept the court's additurs to the verdict by October 15, 2004, the verdict of the jury will be set aside and a new trial ordered as to the issue of damages only." On September 23, 2004, the plaintiff accepted the verdict, and the court rendered judgment in favor of the plaintiff, including the additur. This appeal followed.

It is necessary to first clarify the unique procedural posture of this case. See footnote 2. The plaintiff filed a motion for additur and, *in the alternative*, requested that the court set aside the verdict and order a new trial as to damages only. An additur is a statutory cre-

to review the merits of either of the defendant's claims. A rejection of the additur would result in a new trial, and it is questionable whether the instructional claim would arise on retrial. An acceptance of the additur would eliminate the defendant's ability to appeal from the order of additur. We cannot speculate about future events regarding whether the defendant will choose to accept or to reject the additur.

ation that allows the court to increase the award of damages when the verdict is inadequate as a matter of law. See General Statutes §§ 52-228a[4] and 52-228b.[5] The court granted the plaintiff's motion for additur and gave the parties until October 15, 2004, to accept the additur. The plaintiff accepted the additur on September 23, 2004, and the court immediately rendered judgment in favor of the plaintiff. What creates a procedural morass for this court is that the defendant did not accept the additur before the court rendered judgment in favor of the plaintiff. When the court rendered judgment in favor of the plaintiff on the same day that she accepted the additur, it essentially denied the defendant the opportunity to respond to the additur by the deadline it previously had ordered. That denial contravened the provisions contained in § 52-228b that the parties be allowed a reasonable time in which to accept the additur.[6]

As our Supreme Court firmly has established, "[t]he purpose of § 52-228b is to ensure that if a trial court

[4] General Statutes § 52-228a provides in relevant part: "In any jury case where the court orders . . . an increase in the amount of the judgment, the party aggrieved by the . . . additur may appeal as in any civil action. The *appeal shall be on the issue of damages only,* and judgment shall enter upon the verdict of liability and damages after the issue of damages is decided." (Emphasis added.)

[5] General Statutes § 52-228b provides in relevant part: "No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court. . . . No such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable."

[6] The defendant argues that General Statutes § 52-216a also supports the proposition that a new trial should be ordered if an additur is rejected. We find it unnecessary to rely on this statute. As noted by our Supreme Court, "[t]he express language of § 52-216a suggests that the statute applies solely to actions in which there are, or could be, joint tortfeasors. As such, it is inapplicable to an action brought pursuant to the defective highway statute in which the municipality is the sole tortfeasor." *Bovat* v. *Waterbury,* 258 Conn. 574, 599, 783 A.2d 1001 (2001).

determines that an award is inadequate as a matter of law, before setting aside the verdict and ordering a new trial, that court must first offer an additur to 'the parties,' i.e., the plaintiff and the defendant. This offer provides the opportunity to remedy the inadequate verdict in a way that is acceptable to both parties, without the expense of another trial." *Stern* v. *Allied Van Lines, Inc.*, 246 Conn. 170, 182–83, 717 A.2d 195 (1998). Although we acknowledge the fact that an order of additur is immediately appealable pursuant to § 52-228a, due to the procedural requirements that were not followed in this case, it would be premature for this court to review the defendant's claims. Moreover, a direct appeal from an order of additur filed prior to final judgment pursuant to § 52-228a may raise issues related only to damages. See footnote 4. That ensures that the final judgment will encompass both liability and damages. Because the court rendered judgment before allowing the defendant either to accept or to reject the additur, we must conclude that the court acted improperly. The defendant did not respond to the additur prior to the court's rendering judgment, but now seeks review of the jury charge as it relates to the defendant's liability, which the statute does not permit. We therefore decline to review either of the defendant's claims further. To do so would, in effect, give the defendant two bites at the appellate apple.

The judgment is reversed and the case is remanded for further proceedings consistent with § 52-228b and this opinion.

In this opinion the other judges concurred.